ON REHEARING
PER CURIAM.
Sua sponte we grant rehearing and substitute the following for our previous opinions:
We reverse appellant’s adjudication of delinquency for grand theft of an automobile. Appellant’s “mere presence as an after-acquired passenger in a vehicle, with knowledge that it has been stolen, [was] insufficient to convict [him] of [automobile] theft.” State v. G.C., 572 So.2d 1380, 1382 (Fla.1991).
Although section 924.34 of the Florida Statutes (1989) gives an appellate court the authority to direct a trial court to enter judgment for a lesser offense, the supreme court recently held in Gould v. State, 577 So.2d 1302 (Fla.1991), that the section only applies to category one lesser included offenses.[1] It rejected the argument that the section also includes category two lesser included offenses.[2] Id. at 1304. The Schedule of Lesser Included Offenses does not list a category one lesser offense for the charged offense of grand theft — third degree. Fla.Std. Jury Instr. (Crim.) 3/89, p. 293. Accordingly, we remand with directions to the trial court to discharge appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, GLICKSTEIN and GARRETT, JJ., concur.

. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses. Comment on Schedule of Lesser Included Offenses, Fla.Std. Jury Instr. (Crim.) 3/89, p. 283.

. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses. Comment on Schedule of Lesser Included Offenses, Fla.Std. Jury Instr. (Crim.) 3/89, p. 283.