ALTENBERND, Judge.
I.T. and J.J. appeal their adjudications of delinquency based on the offense of grand theft auto.[1] We affirm the adjudications based on the offense of trespass in a conveyance.
On October 20,1993, at approximately 2:30 a.m., several Gulfport police officers investigated a white Dodge Caravan parked in a parking lot behind a branch bank. The van had no tags, was dented, and the window behind the driver’s seat was broken and partially covered with a towel. A computer search of the vehicle identification number revealed that the van was listed as stolen. There were four juveniles in the van, including I.T. and J.J., who apparently had been asleep. The investigating officers discovered two tags inside the vehicle, one of which belonged to the van. The van contained *1242 broken glass, women’s clothing, school books, and two purses. Neither I.T. nor J.J. made any incriminating statements to the police.
The state filed delinquency petitions against both I.T. and J.J., each alleging the offense of grand theft auto. See § 812.014(2)(c), Fla.Stat. (1993). At the adjudicatory hearing, two officers and the owner of the van testified. I.T. and J.J. were each adjudicated delinquent based on a finding that they had committed the offense of grand theft auto.
The line between theft of an auto and trespass in a conveyance is not easily drawn. Because of the broad language in the omnibus theft statute, “use” of an automobile requires proof of the specific intent either to “deprive” the owner of a right to the property or to “appropriate” the property to the accused’s own use. State v. G.C., 572 So.2d 1380 (Fla.1991). In this case, there is no evidence that either juvenile did more than sleep in the vehicle one evening under circumstances that might suggest that the vehicle had been stolen by someone. This evidence does not establish the offense of grand theft auto.
As in G.C., we conclude that the evidence does support a finding of trespass in a conveyance. § 810.08(1), Fla.Stat. (1993). That offense is not a category one lesser included offense of grand theft auto. In a criminal case, an appellate court may only direct the trial court to enter a conviction on a category one lesser included offense. See Gould v. State, 577 So.2d 1302 (Fla.1991). In G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), the Third District held that an appellate court may affirm a juvenile adjudication on an alternative ground that is not a necessary lesser included offense. In G.C., the supreme court approved this procedure. See also M.F. v. State, 562 So.2d 724 (Fla. 3d DCA 1990); B.D. v. State, 412 So.2d 70 (Fla. 1st DCA 1982).
In N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991), the Fourth District followed a different procedure and reversed an adjudication of delinquency for grand theft auto and discharged the juvenile defendant based on Gould. We conclude that the supreme court did not intend to overrule G.C. in Gould, which is properly limited to adult criminal cases. See § 39.01(9), Fla.Stat. (1993) (adjudication of delinquency may be predicated on alternative grounds). Accordingly, we certify conflict with N.C. We affirm the adjudications of delinquency but direct the trial court to modify its findings to reflect trespass in a conveyance as the basis for the adjudications.
Affirmed as modified.
DANAHY, A.C.J., and FULMER, J., concur.

. These cases have been consolidated for purposes of this appeal.