PER CURIAM.
We have for review the decision in I.T. v. State, 657 So.2d 1241 (Fla. 2d DCA 1995), which the district court of appeal certified to be in conflict with the opinion in N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners I.T. and J.J., both juveniles, argue that because their adjudications of delinquency were not supported by the facts in their case, it was improper for the district court of appeal to order that their adjudications be affirmed on the basis of alternate charges that were not necessarily lesser included offenses of the original charge.
Petitioners were adjudicated delinquent on the basis of grand theft of a motor vehicle after they were discovered by police in a stolen van parked in a parking lot. The Second District Court of Appeal, however, in I.T. v. State, 657 So.2d 1241 (Fla. 2d DCA 1995), found that because there was no evidence of specific intent to deprive the owner of the property, the evidence presented at trial did not sustain a charge of grand theft of a motor vehicle. The court found that the evidence did sustain a charge of trespass in a conveyance and ordered the trial court to enter an adjudication of delinquency based on that charge. Although this was not a necessarily lesser included offense of the original charge, the court noted that our decision in State v. G.C., 572 So.2d 1380 (Fla.1991), approved the procedure. The court certified conflict with N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991).
The juvenile in G.C. was adjudicated delinquent for theft after he accepted a ride in a stolen vehicle. The Third District Court of Appeal recognized that because there was no intent to deprive the owner of the property, delinquency based on the theft charge was improper. As in the instant case, the district court of appeal found that G.C.’s conduct did constitute trespass to a conveyance and ordered that adjudication of delinquency be entered on that charge.
Because trespass to a conveyance is not a necessarily lesser included offense of grand theft, G.C. argued that section 924.34, Florida Statutes[1] prohibited the court from adju *722 dicating him delinquent on that ground. Section 924.34 provides:
924.34 When evidence sustains only conviction of lesser offense. — When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
§ 924.34, Fla.Stat. (1995). The district court of appeal held that (1) chapter 924 does not apply to juvenile cases, which are instead governed by chapter 39, or, alternatively, (2) section 924.34 applies to permissive lesser included offenses as well as necessarily lesser included offenses. This Court approved the district court’s decision and held that G.C. “can be adjudicated delinquent for the lesser offense of trespass to a conveyance.” G.C., 572 So.2d at 1382.
Two and a half months later, this Court decided Gould v. State, 577 So.2d 1302 (Fla.1991). In Gould, the adult defendant was found guilty of — among other things — sexual battery under section 794.011(4)(a), Florida Statutes (1985). The Second District Court of Appeal concluded that the conviction was not supported by the evidence. Instead of vacating the conviction, however, the court relied on section 924.34 to adjudicate Gould guilty of sexual battery under section 794.011(5), Florida Statutes (1985).
This Court held that section 794.011(5) was not a necessarily lesser included offense, and quashed the part of the decision directing that Gould be adjudicated guilty on the basis of that statutory section. We held that permissive lesser-included offenses which are supported by the charging document and the facts are not within the scope of section 924.34, which by its express language only encompasses lesser offenses necessarily included in the offense charged.
The Fourth District Court of Appeal relied on Gould to reach its decision in N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991). The N.C. court discharged a juvenile who had been incorrectly adjudicated delinquent of grand theft of a motor vehicle, instead of entering adjudication on the basis of a permissive lesser-included offense such as trespass to a conveyance. The court held that Gould mandated that section 924.34 only allowed substitution of necessarily lesser included offenses.
Petitioners in the instant case assert that Gould essentially overruled G.C. For support, they argue both that we did not limit Gould to adult cases and that parts of chapter 924 apply to juveniles. Citing State v. C.C., 476 So.2d 144 (Fla.1985), the state maintains that chapter 924 does not apply to juveniles, so Gould is inapposite to the juvenile arena.
While the Court stated in G.C. that there was no legislative intent to have chapter 924 apply to juveniles, we were concerned in that case with only two specific sections of chapter 924: section 924.07 and section 924.071.[2] Our holding was specifically limited to the two sections then at issue. This Court rightly recognized that section 39.14, Florida Statutes (1981), governed the state’s right to appeal in the juvenile context at that time, and thus “trumped” the two sections of chapter 924 then at issue.[3]
However, in the present analysis, we find no counterpart in chapter 39 to section 924.34. Additionally, we find nothing to persuade us that the legislature intended to treat juveniles differently than adults in this context. Therefore, we find that G.C. is not controlling.
Because we hold section 924.34 applicable to juvenile proceedings, it becomes necessary for us to decide whether Gould overruled our holding in G.C.
*723 Gould, concluded that the statutory language referring specifically to a lesser offense necessarily included in the offense charged precluded a court from entering a judgment for permissive lesser included offenses. Gould, 577 So.2d at 1305. An examination of the statutory history and its interpretation dating back to the 1968 case of Brown, v. State, 206 So.2d 377 (Fla.1968), puts this holding in doubt.
This Court first addressed categories of lesser included offenses in Brown. In that decision, this Court looked to sections 919.14[4] and 919.16,[5] Florida Statutes (1965), and determined that there were four categories of lesser offenses: (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included in the offense charged; and (4) offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. 206 So.2d at 381. Significantly, the Court interpreted the language from section 919.16, “[u]pon an indictment or information for any offense the jurors may convict the defendant ... of any offense which is necessarily included in the offense charged” to include offenses which may or may not be included in the offense charged, depending upon (a) the accusatory pleading and (b) the evidence adduced at trial. Id. at 383. The court then held that a trial court was required to instruct on category 3 and 4 lesser included offenses.[6]
The contents of section 919.16, Florida Statutes (1965), were adopted as Florida Rule of Criminal Procedure 3.510 in 1967.[7] This statute was thereafter repealed in 1970 by chapter 70-339, section 180, Laws of Florida. In section 161 of the same session law, the legislature amended section 924.34, Florida Statutes, to its current form to clarify and simplify the substance of the prior version of the statute.[8] However, this amendment did not change the use of the language “necessarily included in the offense charged.”
Based on the similarity between the language in the former section 919.16 (“offense *724 which is necessarily included in the offense charged”) and current section 924.34 (“lesser offense necessarily included in the offense charged”), it naturally follows from Brown that the substantially similar language in section 924.34 should be read as statutory support consistent with the inherent powers of an appellate court to modify the trial court’s judgment and direct the trial court to enter judgment for a necessarily lesser included offense, or if the charge and proof are present, the permissive lesser included offense. This reasoning was not presented to us in Gould, although it is essentially the analysis of section 924.34 written by Judge Cope in G.C. Given the fact that Brown has been a landmark of our jurisprudence, there is no logical reason to read section 924.34 to eliminate category 4 (now category 2) of the Brown decision. Hence, we hold that section 924.34 refers to both category 1 necessary lesser included offenses and category 2 permissive lesser included offenses.
There remains the question of whether I.T. and J.J. could be found guilty in the instant ease of trespass in a conveyance as a permissive lesser included offense of grand theft. Under section 810.08, Florida Statutes (1993), whoever, without authorization, wilfully enters in a conveyance is guilty of trespass in a conveyance. The evidence at the trial supported the conclusion that I.T. and J.J. were guilty of this crime. However, the petition charged I.T. and J.J. in the language of section 812.014, Florida Statutes (1993), that he did “knowingly and unlawfully obtain or use, or endeavor to obtain or use the property of another, to wit: a 1988 Dodge Caravan motor vehicle with intent to deprive.” While not likely, we cannot exclude the possibility that a person could “obtain or use” a conveyance without entering in it. Therefore, because the petition was insufficient to charge I.T. and J.J. with trespass of a conveyance, they could not be convicted of that offense.
Accordingly, we recede from our decisions in Gould and G.C. and disapprove N.C. to the extent that they are inconsistent with this .opinion. We quash the decision below and remand with directions to vacate the adjudications of delinquency of I.T. and J.J.
It is so ordered.
OVERTON, SHAW, GRIMES and WELLS, JJ., concur.
HARDING, J., concurs in result only with an opinion, in which KOGAN, C.J. and ANSTEAD, J., concur.

. Section 924.34, Florida Statutes (1995), is identical to section 924.34, Florida Statutes (1989).

. These two sections set out the general instances in which the state has a right to appeal.

. Sections 924.07 and 924.071 are substantially the same in the current statutes. Section 39.14 no longer exists, but chapter 39 currently contains at least two sections, section 39.069 and section 39.413, which cover the same material.

. This section provided:
Determination of degree of offense. — If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.

. This section provided:
Conviction of attempt; conviction of included offense. — Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.

. This Court clarified the trial judge’s responsibilities for determining whether an instruction was required under category 4 by stating:
In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
Id. at 383.

. This rule, along with rule 3.490, was amended in 1981 to reduce the number of categories of lesser included offenses from four to two. See In re Use of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981); In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981). Under this new classification, categoiy 1 offenses were defined as offenses necessarily included in the offense charged, and category 2 offenses were defined as offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. These rules were amended to stop the practice of requiring instructions on attempts and on all lesser degrees of an offense even when there was no evidence to support the instructions. *730 Hargrave v. State, 675 So.2d 1010, 1012 (Fla. 4th DCA 1996).

. Prior to the amendment, the statute read:
In a case where the offense is divided into degrees or necessarily includes lesser offenses, and the appellate court is of the opinion that the evidence does not prove the degree or offense of which the defendant is found guilty, but does establish his guilt of some lesser degree or offense necessarily included therein, then the appellate court shall reverse the judgment of the trial court with directions to the trial court to enter judgment for such lesser degree or offense necessarily included in the charge and pass sentence accordingly, unless some other matter or thing appearing in the record makes it advisable that a new trial be had.
§ 924.34, Fla.Stat. (1969).