695 So.2d 1308 (1997)
R.A.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-536.
District Court of Appeal of Florida, First District.
June 27, 1997.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The juvenile appellant in this delinquency proceeding challenges the order of commitment entered following a plea of nolo contendere. He argues that the trial judge erred when he failed to obtain a recommendation as to restrictiveness level from the Department of Juvenile Justice after he rejected the department's recommendation of community control. The appellant is entitled to relief under decisions such as J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997), and S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).
Nevertheless, the appellee relies upon I.T. v. State, 694 So.2d 720 (Fla.1997), in arguing that the appellant is precluded from raising the issue presented here because of his failure to comply with section 924.051(4), Florida Statutes (Supp.1996). Although the court in I.T. held that section 924.34 applies in juvenile delinquency proceedings, the court did not hold that chapter 924 is applicable generally in such proceedings. Based upon our decision in T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), we reject the appellee's contention that section 924.051(4) applies in juvenile delinquency proceedings. *1309 But we believe the appellee's argument presents an issue of great public importance. We therefore certify the following question to the supreme court:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
The order of commitment is reversed and this case is remanded to the trial court for a new disposition hearing.
ALLEN, WEBSTER and PADOVANO, JJ., concur.