716 So.2d 269 (1998)
STATE of Florida, Petitioner,
v.
T.M.B., a child, Respondent.
STATE of Florida, Petitioner,
v.
R.A.M., a child, Respondent.
STATE of Florida, Petitioner,
v.
J.M.J., a child, Respondent.
STATE of Florida, Petitioner,
v.
R.D., a child, Respondent.
STATE of Florida, Petitioner,
v.
A.L., a child, Respondent.
STATE of Florida, Petitioner,
v.
K.A.S., a child, Respondent.
STATE of Florida, Petitioner,
v.
G.S.C., a child, Respondent.
Nos. 90432, 91035, 91037, 91113, 91129, 91080 and 91036.
Supreme Court of Florida.
April 2, 1998.
Rehearing and Clarification Denied August 27, 1998.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Kristina White, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, for Respondents.
SHAW, Justice.
We have for review T.M.B. v. State, 689 So.2d 1215 (Fla. 1st DCA 1997), and consolidated cases wherein the district court certified the following question:
DOES SECTION 924.051(4), FLORIDA STATUTES (SUPP.1996), APPLY IN JUVENILE DELINQUENCY PROCEEDINGS?
R.A.M. v. State, 695 So.2d 1308, 1309 (Fla. 1st DCA 1997). We have jurisdiction. Art. V., § 3(b)(4), Fla. Const. We answer in the negative and approve T.M.B.
Respondents pled either guilty or nolo contendere in juvenile delinquency proceedings and attempted to appeal the final orders of delinquency. In opposing the appeals, the state argued that respondents failed to preserve their claims for review as required by subsections 924.051(3) and (4), Florida Statutes (Supp.1996). The First District Court *270 of Appeal disagreed, concluding that chapter 39 governs appeals by juveniles[1] and that section 924.051, Florida Statutes (Supp.1996), is inapplicable to juvenile delinquency proceedings. The court certified the above question.
The state points out that in I.T. v. State, 694 So.2d 720 (Fla.1997), this Court held that a section of chapter 924, i.e., section 924.34,[2] applies to juvenile proceedings. Premised upon our decision in I.T., the state concludes that section 924.051,[3] applies to juvenile proceedings. We disagree.
The district court in the above referenced J.M.J. v. State, 22 Fla. L. Weekly D1673, ___ So.2d ___ (Fla. 1st DCA July 7, 1997), addressed the applicability of section 924.051 to juvenile proceedings:
[B]y a notice of supplemental authority citing the subsequently decided case of I.T. v. State, 694 So.2d 720, 22 Fla. Law Weekly S244 (Fla. May 8, 1997), the state implies that T.M.B. was incorrectly decided, and that section 924.051 does, in fact, apply to juvenile delinquency proceedings. We disagree.
We continue to be of the opinion that section 924.051, Florida Statutes (Supp. 1996), which was created by the Criminal Appeal Reform Act of 1996 (ch. 96-248, § 4, at 954, Laws of Fla.), does not apply to juvenile delinquency proceedings. We base this conclusion upon a number of considerations. In the first place, by design, the juvenile delinquency system is different from the adult criminal system. See, e.g., P.W.G. v. State, 682 So.2d 1203 (Fla. 1st DCA 1996) (citing cases), [approved, 702 So.2d 488 (Fla.1997)]. Among other differences is the fact that, in the juvenile delinquency system rehabilitation is the principal focus, while in the adult criminal system punishment is the principal focus. In addition, established principles of statutory construction militate against the conclusion that the legislature intended that section 924.051 apply to juvenile delinquency proceedings.
Section 924.051 was added by the legislature to chapter 924, which, by the same act, was renamed "Criminal Appeals and Collateral Review." Ch. 96-248, § 2, at 954, Laws of Fla. Chapter 924 is a part of Title XLVII, "Criminal Procedure and Corrections." Appeals in juvenile delinquency proceedings are addressed in section 39.069, Florida Statutes (1995), which is a part of chapter 39, "Proceedings Relating to Juveniles." Section 39.069 appears to have been intended by the legislature to deal exhaustively with the subject of appeals in juvenile delinquency proceedings....
....
... [I]t seems to us that section 924.051 was not intended to apply to juvenile delinquency proceedings. We do not read I.T. as requiring a different *271 result. Accordingly, we adhere to our conclusion in T.M.B. that section 924.051 does not apply to juvenile delinquency proceedings; and we reject the state's argument to the contrary.
J.M.J., 22 Fla. L. Weekly at D1673, ___ So.2d at ___.
We agree with the district court in J.M.J. and conclude that section 924.051 is inapplicable to juvenile proceedings. Our decision in I.T. is distinguishable. In I.T., juveniles appealed their adjudications of delinquency based on grand theft of a motor vehicle after they were discovered by police in a stolen van parked in a parking lot. The district court found that the evidence presented at trial did not sustain a charge of grand theft, but it did sustain a charge of trespass in a conveyance and ordered the trial court to enter an adjudication of delinquency based on that charge. 694 So.2d at 721.
On review, this Court held that section 924.34,[4] "which allows an appellate court to sustain a conviction of a lesser offense when the evidence does not prove the charged offense, applies to juvenile proceedings. Id. at 722. We reasoned that section 924.34 also applies to juveniles because chapter 39, the juvenile statute, contains no comparable language addressing this issue. Conversely, in the present case, the terms and conditions of juvenile appeals are addressed exhaustively in chapter 39.[5] It is thus clear that the legislature intended chapter 39 to govern juvenile appeals. We hold that section 924.051 is inapplicable to juvenile proceedings.
Based on the foregoing, we answer the certified question in the negative and approve T.M.B.
It is so ordered.
KOGAN, C.J., and OVERTON, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.

ORDER
The Petitioner's Motion for Rehearing and/or Clarification is hereby denied.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion, in which PARIENTE, J., concurs.
WELLS, Justice, dissenting.
I dissent. Our majority opinion in this case is deficient in that it fails to address the State's argument that the rules of appellate and juvenile procedure require juvenile defendants to preserve error in the manner contemplated by the Criminal Appeals Reform Act of 1996. I find that this argument has merit and conclude that juvenile defendants who plead guilty or nolo contendere are required to expressly reserve the right to appellate review.
I begin my analysis of this issue with section 985.234, Florida Statutes (1997), which governs appeals from delinquency proceedings. Subsection (1) of this statute provides that appeals may be taken "in the manner prescribed by the Florida Rules of Appellate Procedure." Florida Rule of Appellate Procedure 9.145 (Appeal Proceedings in Juvenile Delinquency Cases) subsection (a) provides that "[a]ppeal proceedings in juvenile delinquency cases shall be as in rule 9.140 except as modified by this rule."
Rule 9.140 governs appeal proceedings in criminal cases. Subdivision (b)(2) of this rule provides:
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being preserved.

*272 (B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Rule 9.145 does not modify this language from rule 9.140. Thus, under the express language of section 985.234(1), Florida Statutes, and rules 9.145 and 9.140, I conclude that the same limits on the appeals in criminal cases in which a defendant pleads guilty or nolo contendere apply with equal force to delinquency proceedings in which a juvenile pleads guilty or nolo contendere. This conclusion is also in accord with Florida Rule of Juvenile Procedure 8.080(b)(4), which provides that when evaluating the voluntariness of a plea of guilty or nolo contendere in a delinquency proceeding, the court shall determine whether the child understands:
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
Public policy, in addition to our rules of appellate procedure, requires that juvenile defendants preserve issues for appellate review in the manner contemplated under the Criminal Reform Act. The 1996 amendments to the Florida Rules of Appellate Procedure,[1] which we adopted in response to the reforms passed by the legislature, recognize the soundness of addressing issues to the trial court for correction before an appeal. I agree with the district court's analysis in Neal v. State, 688 So.2d 392, 395 (Fla. 1st DCA 1997), which points out that the statutory requirement of preserving issues for appellate review merely codifies the existing legal policy as expressed by this Court in Castor v. State, 365 So.2d 701 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Id. at 703. I see no reason why this policy should not apply to juvenile proceedings. To the contrary, I think this is the policy which was adopted for juvenile defendants when we amended the rules of appellate procedure which control appeals from juvenile delinquency proceedings.
Therefore, I would grant the State's motion for rehearing.
PARIENTE, J., concurs.
NOTES
[1] The legislature recently transferred the portions of chapter 39 relating to juvenile delinquency proceedings to chapter 985, effective October 1, 1997. See Ch. 97-238, Laws of Fla.
[2] Section 924.34 states:

924.34 When evidence sustains only conviction of lesser offense.When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense. § 924.34, Fla. Stat. (1995).
[3] Section 924.051 states in pertinent part:

924.051 Terms and conditions of appeals and collateral review in criminal cases.
....
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(4) If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051, Fla. Stat. (Supp.1996).
[4] See supra note 2.
[5] See § 39.069, Fla. Stat. (1995)(setting forth an extensive and detailed procedure governing juvenile appeals); ch. 97-238, § 42, at 4286, Laws of Fla. ("Section 39.069, Florida Statutes, is transferred and renumbered as section 985.234, Florida Statutes.").
[1] Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).