782 So.2d 537 (2001)
C.C.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3298.
District Court of Appeal of Florida, First District.
April 17, 2001.
*538 Nancy A. Daniels, Public Defender and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Janelle C. Gillaspie, Assistant Attorney General and Karen M. Holland, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The issue in this appeal is whether the sex offender probation conditions mandated by section 948.03(5), Florida Statutes apply in a juvenile delinquency proceeding in which the offender is found guilty of an applicable sex offense but adjudicated as a juvenile. We conclude that they do not.
C.C.M., a juvenile then thirteen years old, was charged by petition with committing a lewd or lascivious act on another child. He was tried as a juvenile and found guilty. At the close of the disposition hearing on June 12, 2000, the court adjudicated C.C.M. delinquent and committed him to the custody of the Department of Juvenile Justice in a moderate risk residential program.
During a subsequent review hearing, the trial court heard arguments on the applicability of section 948.03(5). This statute contains a list of mandatory conditions for offenders who have been placed on probation or community control for certain sex crimes, including lewd and lascivious conduct. C.C.M. conceded that the trial court had discretion to impose probation conditions it deemed appropriate, but objected to the imposition of the conditions in section 948.03(5) on the ground that they are not mandatory in a juvenile delinquency proceeding. He argued that the statute applies only to adults and juveniles sentenced as adults.
The trial court rejected this argument and held that the statutory conditions at issue must be applied, even though C.C.M. had not been sentenced as an adult. On July 27, 2000, the trial court entered a modified order of adjudication and disposition, in which the court imposed the sex offender probation conditions listed in section 948.03(5). This order is the subject of the present appeal.
We have jurisdiction to hear an appeal by a child from an order modifying a prior final order in a juvenile delinquency case. In most delinquency cases, the appeal is taken from the final order of adjudication or the disposition order, but rule 9.145(b)(2) of the Florida Rules of Appellate Procedure provides that the child may also appeal "orders entered after adjudication or withholding of adjudication of delinquency, including orders revoking or modifying the community control." (emphasis added). The order at issue here qualifies as an order entered after adjudication of delinquency, and it is therefore appealable.
A proper analysis of the argument on the merits must begin with the text of the statute at issue. We find nothing in the language of section 948.03(5), Florida Statutes, *539 to suggest that the sex offender conditions were intended to apply to juvenile delinquents. The statute does not refer to juvenile offenders and it makes no mention of the Department of Juvenile Justice. If the legislature intended to apply the sex offender probation conditions to juvenile offenders, it could have expressed that intention in the statute. In the absence of such an expression, we must conclude that the additional conditions of probation in section 948.03(5) do not apply in juvenile delinquency proceedings.
This conclusion is supported by the fact that many of the mandatory conditions listed in section 948.03(5) would have no practical application to younger juvenile offenders. Among other things, the statute provides that the offender shall not drive a motor vehicle alone without prior approval, see 948.03(5)(b)2., Fla. Stat.(1999), or rent a post office box without prior approval. See § 948.03(5)(b)3., Fla. Stat. (1999). Furthermore, the statute provides that if the victim was under eighteen, the offender shall have no unsupervised contact with children under eighteen, see § 948.03(5)(a)5., Fla. Stat. (1999), shall not live within one thousand feet of a school, see § 948.03(5)(a)2., Fla. Stat. (1999), and shall not work at a school. See § 948.03(5)(a)6., Fla. Stat. (1999). Some of these conditions might be appropriate for an older juvenile offender in a given case, but is seems unlikely that any of them were intended for a thirteen-year old, like the offender in this case.
We acknowledge that a juvenile judge may properly invoke a procedure used in adult criminal cases if there is no counterpart in the juvenile laws, and if the procedure was not intended to apply exclusively to adults. See I.T. v. State, 694 So.2d 720 (Fla.1997) (applying section 924.34, Florida Statutes in a juvenile delinquency proceeding). This principle is of no benefit to the state in the present case, however, because Chapter 985 does contain procedures mandating special treatment for juvenile sex offenders.
Section 985.03(31), Florida Statutes defines a juvenile sex offender as a juvenile who has been found to have committed one of the crimes enumerated in the statute. Lewd and lascivious conduct is identified in this statute as one of the applicable sex crimes. Section 985.231(3) provides a comprehensive set of remedies for the correction and treatment of children who qualify as juvenile sex offenders. Among other things, the court may determine that a special juvenile sex offender placement is required for the protection of the public. The enactment of these specific procedures in Chapter 985 is yet another reason to conclude that the sex offender conditions of probation in section 948.03(5) are inapplicable to juveniles.
The state argues that the trial court had discretionary authority to impose any of the conditions listed in section 948.03(5). That may be true, but the sex offender conditions were imposed in this case because the trial court believed they were mandatory. We do not know whether any of these conditions might have been applied in the trial court's discretion. Furthermore, the trial court could not add a discretionary condition after the original disposition order, unless the child had committed an act that would be a ground for revocation. See Fla.R.Juv.P. 8.120(a)(5).
In summary, we conclude that the sex offender conditions of probation in section 948.03(5), Florida Statute apply exclusively to adults and juveniles sentenced as adults. The statutory conditions at issue might have been properly imposed initially in the trial court's discretion. In the present case, however, the trial court had no justification for adding these conditions after *540 the original disposition order. Accordingly, we reverse with instructions to strike the sex offender conditions from the disposition order.
Reversed.
BENTON and POLSTON, JJ., concur.