967 So.2d 835 (2007)
STATE of Florida, Appellant/Cross-Appellee,
v.
Jay Junior SIGLER, Appellee/Cross-Appellant.
No. SC04-1934.
Supreme Court of Florida.
October 11, 2007.
*837 Bill McCollum, Attorney General, Tallahassee, FL, Celia Perenzio, Bureau Chief, and August A. Bonavita, Assistant Attorneys General, West Palm Beach, FL, for Appellant/Cross-Appellee.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Appellee/Cross-Appellant.
QUINCE, J.
We have on appeal a decision from the Fourth District Court of Appeal declaring invalid a state statute. Sigler v. State, 881 So.2d 14 (Fla. 4th DCA 2004). We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we affirm the district court's determination that application of section 924.34, Florida Statutes (2001), in this instance, is contrary to the Sixth Amendment right to jury trial. We remand the issue of whether the defendant is guilty of third-degree murder for resolution by a jury.

FACTUAL AND PROCEDURAL HISTORY
The Fourth District Court of Appeal summarized the facts of this case in Sigler's first appearance before that court as follows:
While appellant was serving a lawful twenty year prison sentence, he, with the aid of his mother and three of his friends, including Christopher Michelson, crafted and successfully carried out an elaborate scheme for appellant's escape from the state prison in Miami-Dade County. At an agreed time, one cohort drove a stolen semi-tractor trailer through the prison's perimeter fence, and simultaneously the other three arrived in two, possibly three, getaway cars. During the commotion, appellant ran through the breach in the prison fence and entered one of the getaway cars, whereupon all sped away to a rendezvous point. There, an exchange of cars and drivers occurred as police were approaching. Although the others were apprehended on the spot, appellant and Michelson successfully fled the scene in a Saturn automobile owned by appellant's mother. The two drove to the City of Lake Worth where they stayed overnight in a motel. There they watched television reports of the escape, and became aware that the police were on the lookout for the Saturn.
Around noon of the following day, the two left the motel in the Saturn, with Michelson driving. En route to Ft. Lauderdale to visit Michelson's family, they were spotted by a police officer. A high speed chase ensued with Michelson accelerating to speeds estimated as high as eighty miles an hour. Eventually, he turned into a narrow alley, at the end of which he ran a stop sign, crossed the transverse street, and entered the alley in the next block. Continuing at high speed, he ran a stop sign at the next transverse street where, tragically, he crashed into another car, killing its driver. Appellant and Michelson were arrested at the scene of the fatal collision.
See Sigler v. State, 805 So.2d 32, 33-34 (Fla. 4th DCA 2001)(Sigler I).
Sigler was indicted and tried for first-degree felony murder which the State alleged *838 was committed while he was engaged in an escape. At the request of the State and over Sigler's objection, the jury was instructed on first-degree felony murder as charged, as well as the lesser-included offenses of second-degree murder and third-degree felony murder. The jury found Sigler guilty of the lesser-included offense of second-degree murder,[1] and he was sentenced to life in prison.
Sigler appealed, raising the issue of whether there was sufficient evidence to sustain his conviction of second-degree murder. The district court reasoned that "[s]ince appellant was neither the driver, owner, nor in control of the car which crashed into and killed the victim, his criminal liability, if any, normally would have to be established under a principal theory." Sigler I, 805 So.2d at 34. Finding no evidence of ill will, hatred, spite or evil intent directed at the victim by the driver of the car, Michelson, the court opined they did not need to decide whether Sigler, a passenger, could be convicted as a principal. Therefore, the district court reversed the conviction for depraved mind second-degree murder based on a lack of evidentiary support. See Sigler I, 805 So.2d at 35.
The Fourth District indicated that section 924.34, Florida Statutes (2001), allows an appellate court to reverse a judgment and direct the trial court to enter a judgment for a necessarily lesser-included offense. See Sigler I, 805 So.2d at 35 (citing I.T. v. State, 694 So.2d 720 (Fla.1997)). In directing the entry of judgment for third-degree murder, the district court reasoned that "the underlying crime supporting the third-degree felony murder charge was the offense of harboring, concealing or aiding an escaped prisoner" as defined by section 944.46, Florida Statutes (2001). Id.
The district court opined that it was clear that Michelson could be convicted of third-degree felony murder committed in furtherance of the crime harboring an escaped prisoner, i.e., Sigler. However, the question for the court was whether Sigler, the escapee, could be guilty of concealing, assisting, or giving aid to himself. See Sigler I, 805 So.2d at 35. In finding that Sigler could be guilty of third-degree murder based on harboring himself, the district court reasoned that under section 777.011, Florida Statutes (1997), both the person who aids and abets in the commission of the crime and the person who otherwise procures the commission of the crime are principals in the first degree. See Sigler I, 805 So.2d at 36. The Fourth District said, "[i]n order to be guilty as a principal for a crime physically committed by another, one must intend that crime be committed and do some act to assist the other person in actually committing the crime." Id. (quoting Staten v. State, 519 So.2d 622, 624 (Fla.1988)); see also Arroyo v. State, 705 So.2d 54 (Fla. 4th DCA 1997) (indicating that in order to be guilty as a principal or as an aider and abetter to a crime, the defendant must intend that the crime take place and must do some act which did or was intended to incite, cause, encourage, assist, or advise in the commission of the crime).
The district court concluded that the evidence supported a finding that the defendant was a perpetrator of the underlying felony of harboring, and thus a principal in the homicide committed to further the common criminal design. Sigler, 805 So.2d at 36. The judgment and sentence for second-degree murder was reversed and vacated, and the trial court was directed to "enter a judgment of third-degree *839 felony murder as a lesser-included offense of that charged in the indictment, and to sentence appellant thereon accordingly." Id. at 37.
On remand, Sigler filed a motion for discharge in the trial court arguing that a third-degree felony murder conviction "would be illegal because the jury had not found him guilty of an essential element of the offense, namely the underlying offense of harboring an escapee." Sigler v. State, 881 So.2d 14, 16 (Fla. 4th DCA 2004) (Sigler II). The motion was denied, and the trial court followed the mandate and entered the conviction for third-degree felony murder. On appeal, the State cited to Greene v. Massey, 384 So.2d 24, 28 (Fla. 1980), for the proposition that the correctness of the third-degree felony murder conviction is the law of this case because the Fourth District confronted the issue in Sigler I and concluded that such a conviction was proper. Sigler, however, countered that pursuant to Zolache v. State, 687 So.2d 298, 299 (Fla. 4th DCA 1997), appellate courts have the power to correct significant mistakes in spite of the law of the case doctrine. See Sigler II, 881 So.2d at 17.
The Fourth District examined the defendant's argument that when the jury convicted him of second-degree murder, it did not have to determine beyond a reasonable doubt whether he had committed any felony, much less the felony of harboring an escapee. See Sigler II, 881 So.2d at 17. Thus, the jury could not have found him guilty of any underlying felony. While the Fourth District took notice that the jury actually exonerated the defendant of the first-degree felony murder charge, which required proof of an underlying felony, it reasoned that "[b]ecause the verdict in this case is general, we have no way of ascertaining which element of first-degree felony murder was not proved beyond a reasonable doubt." Id. Assuming that the "jury could well have based its decision on the failure of the evidence to prove an underlying felony," the Fourth District concluded "a conviction for third degree felony murder may actually conflict with that precise finding by the jury." Id. The court opined that the original jury verdict could in no way be read to include a determination on any predicate felony, and the jury's verdict did not include a determination beyond a reasonable doubt of all of the elements necessary to prove third-degree murder. The Fourth District further reasoned that the question of Sigler's guilt for third-degree murder had to be submitted and determined by a jury and reasoned that "the decision by the Judges of this Court in Sigler I was not a `constitutionally acceptable substitute' for such a jury determination." Id. at 18.
In reaching this conclusion the Fourth District cited with approval the First District's decision in Pratt v. State, 668 So.2d 1007 (Fla. 1st DCA), approved, 682 So.2d 1096 (Fla.1996). The defendant in Pratt was convicted of attempted third-degree felony murder, which was no longer a crime after this Court's decision in State v. Gray, 654 So.2d 552 (Fla.1995). On appeal the State argued that the defendant was not entitled to a new trial but that pursuant to section 924.34, the appellate court should direct the trial court to enter a conviction on the offense of attempted manslaughter, a necessarily lesser-included offense to the charged offense of attempted second-degree murder with a weapon. The district court rejected the State's argument and said:
Were we to adopt the state's position and direct entry of judgment for attempted manslaughter (an intent crime) pursuant to section 924.34, we necessarily would be acting as the fact-finder and would have to assume the presence of the requisite intent. Such a result would encroach impermissibly upon the province of the jury. We conclude that *840 the appellant would be effectively denied his constitutional right to trial by a jury if we, sitting in an appellate capacity, were to presume a finding of intent that the jury itself did not have to make.
Pratt, 668 So.2d at 1009. On discretionary review in this Court, we approved the decision of the district court and remanded the case for proceedings based on any lesser offense that had been instructed on at trial.
Likewise, the Fourth District opined that section 924.34 did not control the case because the statute does not control over the United States Supreme Court decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The court indicated that the meaning of the Sixth Amendment right to trial by jury in a criminal case as articulated in Apprendi was binding on the court, and that Apprendi made it clear that criminal convictions depend on jury findings as to each element of the crime. Sigler II, 881 So.2d at 19. Then, citing to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the court said that the Supreme Court reiterated the importance of the jury's determination of all of the elements of a crime. Thus, the court concluded that "these later decisions [Apprendi and Blakely] make it clear beyond any doubt that section 924.34 as interpreted in I.T. is contrary to the Sixth Amendment when the previous jury determination cannot be deemed to have necessarily found the defendant guilty as to every element of the permissive lesser-included offense." Sigler II, 881 So.2d at 20. We agree and affirm this decision.

DISCUSSION

I

Law of the Case/Manifest Injustice
As a threshold issue, the Fourth District Court of Appeal addressed the matter of whether it could consider the issue of the defendant's conviction for third-degree murder based on the fact that the district court had directed the trial court, in its prior opinion, to enter a conviction for third-degree murder. Thus, the State argued that the law of the case doctrine precluded relitigation of that issue, citing to this Court's opinions of Greene v. Massey, 384 So.2d 24 (Fla.1980), and Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965). The State makes the same argument to this Court, albeit in a summary fashion, and says there would be no manifest injustice if the defendant is convicted of third-degree murder. We have said, and the State acknowledges, that issues which have previously been addressed by the court may be reconsidered where there have developed material changes in the evidence or where reliance on the prior decision would result in manifest injustice. See Henry v. State, 649 So.2d 1361, 1364 (Fla.1994) (citing Preston v. State, 444 So.2d 939, 942 (Fla.1984); Greene v. Massey, 384 So.2d at 28; Steele v. Pendarvis Chevrolet, Inc., 220 So.2d 372, 376 (Fla. 1969)).
The Fourth District indicated that it would reconsider the issue that was decided in its Sigler I opinion because, "[i]f an illegal conviction is not well within the concept of exceptional circumstances and manifest injustice requiring a relaxation of the law of the case, it is not easy to imagine what would be." Sigler II, 881 So.2d at 17. While the State argues a third-degree murder conviction would not be manifest injustice, the State has failed to demonstrate why the Fourth District's holding in this instance is error. Therefore, we affirm the Fourth District on this issue.

II

Constitutionality of Section 924.34
The real thrust of the State's argument to us is that the Fourth District *841 erred in not applying section 924.34 and the decision in I.T. to this case. The State maintains that application of this statutory provision and case law allows the appellate court to direct a conviction for the lesser offense of third-degree murder. Sigler, on the other hand, argues that the district court correctly held section 924.34 unconstitutional as applied to him. Sigler further asserts the district court incorrectly held that an escaped prisoner can be guilty of harboring himself under a principal theory, and that he cannot be convicted of third-degree felony murder with harboring as the underlying felony.
Thus, the issue before this Court is whether application of section 924.34, Florida Statutes, to the facts of this case is a violation of Sigler's right to a trial by jury. We hold that to the extent that section 924.34 can be interpreted to allow entry of a conviction by an appellate court for a crime where the jury has not determined all of the elements of that crime beyond a reasonable doubt, section 924.34 is a violation of the Sixth Amendment right to a trial by jury. The courts of this state have consistently held that judicial interpretation of statutes and determinations concerning the constitutionality of statutes are pure questions of law subject to the de novo standard of review. See City of Miami v. McGrath, 824 So.2d 143 (Fla.2002); Dep't of State v. Martin, 885 So.2d 453, 456 (Fla. 1st DCA 2004) (citing Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998)), aff'd, 916 So.2d 763 (Fla.2005). We apply this standard in interpreting section 924.34.
Section 924.34, Florida Statutes,[2] entitled "When evidence sustains only conviction of lesser offense," provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser-included offense.
In this Court's earlier interpretation of section 924.34, we held this section was only applicable when the crime charged has lesser statutory degrees or where there are necessarily lesser-included offenses of the crime charged. See Gould v. State, 577 So.2d 1302 (Fla.1991). However, in 1997, we receded from Gould, and we held, in I.T. v. State, 694 So.2d 720, 724 (Fla.1997), the term "lesser offense necessarily included in the offense charged" not only includes necessarily lesser-included offenses but also permissive lesser-included offenses. The State relies on our decision in I.T. to support its argument that Sigler was properly convicted of third-degree murder in the trial court.
The State's reliance on I.T. is misplaced as the situation addressed in I.T. is distinguishable from the facts and circumstances of this case. In I.T. this Court was asked *842 to determine whether the district court could direct the trial court to enter a judgment pursuant to section 924.34 for a permissive lesser-included offense. The juveniles involved in that case had in fact been adjudicated delinquent of the offense chargedgrand theft of a motor vehicle. The Second District Court of Appeal determined that the evidence did not support a charge of grand theft. See I.T. v. State, 657 So.2d 1241 (Fla. 2d DCA 1995), quashed, 694 So.2d 720 (Fla.1997). The Second District directed the trial court, however, to enter an adjudication for the lesser offense of trespass in a conveyance, an offense which is not a necessarily lesser-included offense of grand theft of a motor vehicle. In directing adjudication for trespass in a conveyance, the district court relied on State v. G.C., 572 So.2d 1380 (Fla.1991), a case where we affirmed an adjudication for trespass in a conveyance, under similar circumstances.
The Second District certified conflict between its decision and the Fourth District's decision in N.C. v. State, 581 So.2d 647 (Fla. 4th DCA 1991). The Fourth District in N.C. followed this Court's Gould decision and held an appellate court could only direct adjudication for a necessarily lesser-included offense not a permissive lesser-included offense. On review, while finding the petition in I.T. insufficient to include a charge of trespass, we nonetheless held that section 924.34 does allow an appellate court to direct a trial court to enter an adjudication or judgment for a permissive lesser-included offense where supported by the allegations in the charging document and the proof at trial. See I.T., 694 So.2d at 724.
However, in I.T. we were not confronted with the situation that is now before this Courta situation that involves an acquittal by the jury of the charged offense (first-degree murder), a conviction by the jury of a lesser offense (second-degree murder), and the appellate court's determination that the evidence did not support a conviction for second-degree murder. See Sigler II. Moreover, we were not asked to address in I.T. the issue of whether each element of a lesser-included offense must be found by the jury beyond a reasonable doubt. And, finally, at the time I.T. was decided the United States Supreme Court had not issued its opinions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). These Supreme Court decisions have changed the landscape in our analysis of issues involving the defendant's right to a trial by jury.
In Apprendi the Supreme Court addressed the issue of whether a defendant in a state court could be sentenced to an extended sentence on facts that were not included in his guilty plea. Apprendi pled guilty to possession of a firearm for an unlawful purpose and unlawful possession of a prohibited weapon. He was given an enhanced sentence pursuant to the state's hate crime statute. The state appellate courts affirmed. However, on certiorari review, the Supreme Court held that any factor that increased a sentence beyond the statutory maximum must be submitted to the jury and determined to exist beyond a reasonable doubt before it can be used to enhance a defendant's sentence. See Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. In reaching this conclusion, the Supreme Court began with the proposition that the right to due process of law and the right to a jury trial are rights that entitle a criminal defendant to have the jury determine his or her guilt on every element of a crime and that the determination of guilt must be beyond a reasonable doubt. Id. at 477, 120 S.Ct. 2348; accord Blakely v. Washington, 542 U.S. 296, 304, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (finding that *843 a judge exceeds his authority when he imposes a sentence that is not supported by the jury verdict alone).
Importantly, the Supreme Court in Apprendi endorsed the statement from the concurring opinion in Jones v. United States, 526 U.S. 227, 252-53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." Jones, 526 U.S. at 252-53, 119 S.Ct. 1215 (Stevens, J., concurring). Jones supports the Fourth District's conclusion and our conclusion that criminal convictions can only be sustained if the jury has found all of the elements of that crime beyond a reasonable doubt. In Jones the defendant was charged with and convicted of use of a firearm during the commission of a violent carjacking, an offense which carried a maximum sentence of fifteen years. Jones was sentenced, however, to twenty-five years based on the judge's determination that one of the victims of the carjacking was seriously injured.
The statutory scheme for carjacking provided for three separate carjacking offenses. The least serious of the three offenses and the one the defendant was charged under provided for a fifteen-year sentence when a defendant possessed a firearm during a carjacking. The second of the offenses provided for a twenty-five-year sentence if serious bodily injury resulted from the carjacking, and the third carjacking offense provided for imprisonment for any number of years up to life if death occurred during the carjacking. In reversing the lower court's affirmance of Jones's twenty-five year sentence, the Supreme Court found that the provisions of the carjacking statute that allowed greater penalties where serious bodily injury or death occurred set forth additional elements, and those additional elements needed to be charged in the indictment, proved beyond a reasonable doubt, and submitted to the jury for a determination.
Read together, these Supreme Court decisions mean exactly what the court in Franks v. Alford, 820 F.2d 345 (10th Cir.1987), articulated twenty years ago. The state appellate court in Franks vacated the defendant's conviction of first-degree felony murder because one of the alleged felonies (escape) was not supported by the evidence and because the other felonies (two robberies) were not causally connected to the homicide. But the court entered a judgment for second-degree depraved mind murder. In federal habeas proceedings the judgment and resulting sentence were affirmed by the district court. On appeal the Tenth Circuit found that the jury's conviction for first-degree felony murder did not include a determination on the issue of a depraved mind. The court said:
As opposed to first degree felony murder, the second degree murder statute at issue requires "an act imminently dangerous to another person and evincing a depraved mind." Okla. Stat. tit. 21, § 701.-8(1). Although the jury was correctly instructed that it had to find this element to convict Franks of second degree murder, once it found Franks guilty of first degree murder it was precluded under the court's instructions from considering whether the evidence established this element of second degree murder.
. . . .
As we have noted, Franks' conviction for felony murder did not require the jury to determine beyond a reasonable doubt whether the act causing the death evinced a depraved mind, as required for the second degree murder conviction imposed by the Court of Criminal Appeals. *844 The appellate court's determination of this issue is not a constitutionally acceptable substitute. See Cabana,[3] 106 S.Ct. at 696. Because Franks was denied his right under the Sixth and Fourteenth Amendments to have his guilt determined by a jury, his conviction is constitutionally infirm.
Franks, 820 F.2d at 347. Based in part on this holding in Franks, the Fourth District correctly found an appellate court cannot direct a judgment for a permissive lesser-included offense if the jury verdict did not necessarily include a finding on every element of that offense.
In this case, the jury convicted Sigler of second-degree murder. Pursuant to section 782.04(2), Florida Statutes (1997), a conviction of second-degree murder requires findings that there was an unlawful killing of a human being, perpetrated by an act that was eminently dangerous evincing a depraved mind, and not perpetrated with any premeditated intent to cause death. Although the district court found the evidence did not support a finding that the defendant had a depraved mind, such a conviction would necessarily not include a finding that any felony was committed during the act that led to the victim's death. Thus, despite the fact that the conviction was reversed, the jury did not find that any felony was committed.
However, a conviction for third-degree murder requires an underlying felony and a jury determination of the existence of such a felony. Section 782.04(4), Florida Statutes, defines third-degree murder as a murder committed during the perpetration or attempted perpetration of any felony that is not one of the felonies enumerated in the statute. In order for the district court to direct the trial court to enter judgment for third-degree murder, there must be a finding of a felony. Because the jury verdict under the facts of this case did not include such a finding, the appellate court could not direct the trial court to enter a judgment for third-degree murder. Any such judgment would be a violation of the defendant's right to a trial by jury in violation of the Sixth Amendment. To the extent that section 924.34 can be read to provide for conviction of an offense whose elements have not been determined by the jury, it would be unconstitutional. Otherwise, when all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.

III

Other Issues Raised
This case came to this Court based on the fact that the district court expressly held section 924.34 invalid. The defendant cross-appealed and now argues the district court erred in holding that the defendant could be found guilty as a principal to the crime of harboring himself. The district court did not specifically, in the decision that is now before us, rule on this issue. The district court merely, in its outline of the factual and procedural history of the case, indicated that in Sigler I it held that the defendant could be convicted as an aider and abettor to the crime of harboring. Sigler did not raise this issue as a ground for dismissal in the trial court or in his second appeal in the district court. Therefore, we do not address this issue here.[4] The State also argues that at *845 the very least we should remand this case for entry of a conviction for manslaughter by culpable negligence. This issue likewise was not addressed by the district court, and we decline to do so in this appeal.

CONCLUSION
For all of the reasons expressed above, we affirm the decision in Sigler II and hold section 924.34, Florida Statutes, unconstitutional only to the extent that it can be read to allow the appellate court to direct entry of judgment for a lesser-included offense when all of the elements of the lesser-included offense have not been found by a jury beyond a reasonable doubt.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, and CANTERO, JJ., concur.
BELL, J., concurs in result only with an opinion.
PARIENTE, J., recused.
BELL, J., concurring in result only.
I agree with the majority that the trial court could not enter a judgment for third-degree felony murder. However, I am not entirely convinced that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), apply to the circumstances of this case.[5] Instead, I am convinced that in I.T. v. State, 694 So.2d 720 (Fla.1997), this Court misinterpreted section 924.34, Florida Statutes, to include permissive lesser-included offenses. Under the plain meaning of section 924.34, courts only have the authority to enter a judgment for lesser degree offenses or necessarily lesser-included offenses, not permissive lesser-included offenses. Given this misinterpretation of section 924.34, I would recede from I.T. and hold that the Fourth District in this case did not have the authority to instruct the trial court to enter a judgment for the permissive lesser-included offense of third-degree felony murder.
As Justice Harding noted in his dissent in I.T., section 924.34 is clear and unambiguous. Specifically, it provides the following:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser-included offense.
§ 924.34, Fla. Stat. (emphasis added). Clearly, this provision only refers to lesser degree offenses and necessarily lesser-included offenses. It does not mention permissive lesser-included offenses. Thus, when the evidence at trial is insufficient to support the offense for which the jury found the defendant guilty, the plain language of section 924.34 only authorizes courts to enter a judgment for lesser degree offenses or necessarily lesser-included offenses. In other words, in order to enter a judgment for the lesser offense *846 pursuant to section 924.34, the lesser offense must either be lesser in degree or consist of fewer of the same constituent elements as the greater offense. See Williams v. State, 957 So.2d 595, 598 (Fla. 2007) ("Necessarily lesser-included offenses are those offenses in which the statutory elements of the lesser-included offense are always subsumed within those of the charged offense.").
Because section 924.34 does not authorize a court to enter a judgment for a permissive lesser-included offense, I would recede from I.T. and hold that the trial court in this case was without authority to enter a judgment for third-degree felony murder, a permissive lesser-included offense.[6] Accordingly, I concur in result only.
NOTES
[1] The Fourth District noted that by returning the verdict for the lesser offense, the jury necessarily found that the homicide did not occur while appellant was committing an escape. See Sigler I, 805 So.2d at 34.
[2] This section was rewritten in 1970; it formerly read:

In a case where the offense is divided into degrees or necessarily includes lesser offenses, and the appellate court is of the opinion that the evidence does not prove the degree or offense of which the defendant is found guilty, but does establish his guilt of some lesser degree or offense necessarily included therein, then the appellate court shall reverse the judgment of the trial court with directions to the trial court to enter judgment for such lesser degree or offense necessarily included in the charge and pass sentence accordingly, unless some other matter or thing appearing in the record makes it advisable that a new trial be had.
§ 924.34, Fla. Stat. (1969).
[3] Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986).
[4] While we acknowledge the principle that once we have jurisdiction of a case we can address any issue that may affect the case, in this instance, the defendant has not been convicted of the crime of harboring.
[5] In Blakely, the Supreme Court applied Apprendi's holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301, 124 S.Ct. 2531 (quoting Apprendi, 530 U.S. at 490, 120 S.Ct. 2348) (emphasis added). Here, however, finding a harboring and entering a judgment for third-degree murder does not enhance Sigler's sentence beyond the sentence for second-degree murder. See § 782.04(2), (4), Fla. Stat. (1997).
[6] However, under section 924.34, the trial court has the authority to enter a judgment for the necessarily lesser-included offense of manslaughter. See § 782.07, Fla. Stat. (1997); Fla. Std. Jury Instr. (Crim.), Schedule of Lesser-included Offenses. Indeed, entering a judgment for manslaughter would not run afoul of the majority's application of Apprendi and Blakely to section 924.34.