978 So.2d 115 (2008)
Raymond CARRIN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-1251.
Supreme Court of Florida.
March 6, 2008.
James Cameron Banks of Law Office of Banks and Morris, P.A., Special Assistant Public Defender, Tallahassee, Florida, for Petitioner.
Bill McCollum, Attorney General, and Bryan G. Jordan, Assistant Attorney General, Tallahassee, Florida, for Respondent.
PER CURIAM.
We have for review Carrin v. State, 875 So.2d 719, 721 (Fla. 1st DCA 2004), in which the First District Court of Appeal cited section 924.34, Florida Statutes (2001), as construed by I.T. v. State, 694 So.2d 720 (Fla.1997), in holding that, "[b]ecause the evidence does not prove the offense for which the appellant was found guilty but does establish the lesser offense of culpable negligence, we reverse the appellant's conviction for aggravated assault on a law enforcement officer and remand this cause to the trial court with directions to enter judgment for culpable negligence." In so holding, however, the First District Court certified the following question as one of great public importance: "Does the procedure prescribed in I.T. v. State deny defendants their federal constitutional rights to trial by jury and proof beyond a reasonable doubt?" Carrin, 875 So.2d at 722. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We stayed proceedings in this case pending disposition of State v. Sigler, 967 So.2d 835, 845 (Fla.2007), in which we discussed I.T. and other cases at length in ultimately holding section 924.34 unconstitutional "to the extent that it can be read to allow the appellate court to direct entry of judgment for a lesser-included offense when all of the elements of the lesser-included offense have not been found by a jury beyond a reasonable doubt." We thereafter issued an order directing respondent to show cause why we should not exercise jurisdiction in this case, summarily quash the decision being reviewed, and remand for reconsideration in light of our decision in Sigler. Respondent has conceded that it cannot show such cause.
We accordingly grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the First District Court for reconsideration upon application of this Court's decision in Sigler.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.