SHEPHERD, J.
The defendant, K.D., a juvenile, was charged with committing grand theft of a motor scooter, resisting an officer without violence, and fleeing or eluding a law enforcement officer. K.D. was adjudicated delinquent for trespass in a conveyance, a lesser included offense of grand theft, and resisting an officer without violence, as charged. The trial court sentenced K.D. to probation. K.D. appeals his adjudication for trespass in a conveyance.
The trial court found K.D. guilty of committing a trespass in a conveyance as a permissive lesser included offense of grant theft. Well-established law precludes a finding of guilt on a lesser included offense where the charging document fails to explicitly allege all the elements of the lesser offense. See I.T. v. State, 694 So.2d 720, 724 (Fla.1997). Because the petition for delinquency in this case did not allege an essential element of the lesser included offense of trespass in a conveyance, to wit that K.D. willfully entered or remained in the motor scooter, his adjudication for trespass in a conveyance must be vacated. See id. at 724 (not excluding the possibility that a person could obtain or use a conveyance, as required in grand theft, without entering in it, as required in a trespass in a conveyance); L.F. v. State, 694 So.2d 840, 840-41 (Fla. 2d DCA 1997) (“Trespass in a conveyance is not a lesser included offense of grand theft of a motor vehicle. However, it may be a permissive lesser included offense if the elements are alleged in the accusatory pleading and supported by the evidence adduced at trial.”). We therefore reverse with directions to vacate the adjudication of delinquency on this count.