PER CURIAM.
We affirm appellant’s conviction for grand theft of a motor vehicle. We also conclude our decision is consistent with the very recent decision of the supreme court in State v. G.C., 572 So.2d 1380 (Fla.1991). In G.C., the defendant was merely an “after acquired passenger”. When G.C. accepted a ride in the stolen car he suspected it had been stolen because of the broken steering column. In the present case, the appellant is not just an after acquired passenger. Prior to the theft, appellant had been riding around with three others as a passenger in a van. They drove into a movie theater parking lot and one of the other passengers picked out a car to steal. Parking the van four spaces away, two others got out of the van, broke into the car and drove it away, with the van following. Both vehicles came to a stop around the corner from the movie theater. Appellant then got out of the van and got into the stolen car as a passenger. Later, when police observed suspicious activity involving the car and began to follow it, the car sped up and a high-speed chase ensued. When the car appeared to be heading toward a pole, the appellant and the others jumped out of the moving car and ran away. Unlike G.C., where no view of the evidence could implicate the defendant in the theft, the evidence here is sufficient to support the jury’s guilty verdict.
AFFIRMED.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.