PER CURIAM.
C.C. appeals the trial court’s denial of his motions for judgment of acquittal based on insufficiency of evidence. The trial court adjudicated C.C. delinquent after finding him guilty of theft, burglary, criminal mischief, and battery. We affirm.
The charges of theft, burglary, and criminal mischief arose from the following facts. C.C. and a friend were observed in a parking lot circling a Jeep and looking into the Jeep’s windows. C.C. was holding a screwdriver. Later, the owner saw the Jeep being driven through the parking lot and gave chase. The vehicle halted and C.C. exited the Jeep from the passenger’s side. The Jeep’s steering column was broken and a screwdriver was found in the vehicle. The evidence was sufficient to withstand a motion for judgment of acquittal. See Brown v. State, 574 So.2d 297 (Fla. 5th DCA 1991). The evidence plainly supported the court’s determination that C.C. actively participated in the criminal conduct, and excluded every reasonable hypothesis of innocence. C.C.’s reliance on State v. G.C., 572 So.2d 1380 (Fla.1991) is misplaced, as that case involved an “after-acquired passenger” who was totally unconnected to the original auto theft and burglary. See Brown, 574 So.2d at 297.
C.C. also attacks his adjudication of delinquency for battery on the basis of insufficiency of the evidence. The battery occurred on a separate occasion on the premises of a store. C.C. argues that the evidence was insufficient to establish that he had the specific intent to harm or touch another against his will. See § 784.03(1), Fla.Stat. (1989); Russell v. State, 373 So.2d 97, 98 (Fla. 2d DCA 1979). He contends that his contact with the victim was incidental to his effort to leave the area, and was an unintended consequence of a lawful act. See Munday v. State, 254 So.2d 33, 34 (Fla. 3d DCA 1971). There was conflicting evidence on whether the touching was merely incidental, within the meaning of Munday, or was done with the requisite specific intent so as to constitute a battery. There was testimony that C.C. made threats and cursed the victim before the *952 battery occurred, and there was also testimony about the amount of force employed by C.C. We conclude that there was evidence on which the trier of fact could conclude beyond a reasonable doubt that C.C. had the requisite intent and committed a battery. See Johnson v. State, 574 So.2d 1131 (Fla. 3d DCA 1991); Muwwakil v. State, 435 So.2d 304, 305 (Fla. 3d DCA 1983), review denied, 444 So.2d 417 (Fla. 1984).
Affirmed.