GROSS, J.
Appellant was convicted of battery on an employee of the school district. Because the evidence does not support the conviction, we reverse.
At trial, the defendant’s teacher, who was the victim in the case, testified as follows:
“[C.B.] came in the classroom ... and I asked him to hand me the lighter that he had in his pocket. He said he didn’t have one. I asked him again to turn over the lighter and when I did, he was a — was a little angry and he went to throw the lighter. He didn’t really throw it at me, but it did hit me.”
She said that the lighter hit her “[w]here my ankle would be in my shoe,” “[s]o I didn’t have any bruising.” Further explaining, she said that “he did not throw it at me. I don’t believe that he meant to hit me, but he did throw the lighter toward me and it did hit me.” As she described it, the lighter bounced off the floor and hit her.
An assistant teacher, who was in the classroom when the incident occurred, testified that the teacher “asked for the lighter and [C.B.] went to go and put the lighter to the floor.” She said he “just threw it down like — -‘cause he didn’t want to give it ... so he just threw it down. And it ricocheted and that was all that was, was done.”
C.B. testified that:
“I was angry because ... I was sitting on my desk and these girls were going through my pockets. So then that’s what kinda made me angry, because I was telling the teacher about the girls going through my pockets, cause the girls have no right going through looking in my pockets.”
He further said that he “wasn’t even paying attention to where I was throwing it, just tossed it to the — towards the ground.” He said that he threw the lighter, but “did not intentionally throw it at the teacher.” He explained that he did not throw it overhand but “towards the ground.” He *1073 intended for the teacher to have to walk across the room to pick it up.
At the close of the state’s case, and again at the end of all the evidence, the defendant moved for a judgment of acquittal, arguing that the state had failed to prove a prima facie case of battery. He contended that battery is a specific intent crime and that there was no evidence that defendant intended to strike his teacher. The state argued that proof of the intent to do the act that resulted in the teacher being struck by the lighter was sufficient. The trial court denied the motion. Ultimately the court adjudicated defendant delinquent for commission of the battery.
Section 784.03(l)(a)l., Florida Statutes (2000), defines battery as occurring when a person “[ajctually and intentionally touches or strikes another person against the will of the other.” As a general intent crime, the battery statute “prohibits either a specific voluntary act or something that is substantially certain to result from the act.” Linehan v. State, 442 So.2d 244, 247 (Fla. 2d DCA 1983), approved on other grounds, 476 So.2d 1262 (Fla.1985). The battery statute’s prohibition of an “intentional” touch or strike covers situations where a defendant knows that a touch or strike is substantially certain to result from his acts. See LaFave & Scott, CRIMINAL Law § 28 (1972).
In this case, it is not enough to sustain a conviction that the defendant intentionally threw the lighter at the floor; the state was also required to prove that the defendant threw the lighter in such a way that it was substantially certain that it would hit the teacher’s ankle. The teacher did not think her student meant to hit her with the lighter. The assistant teacher said the defendant “just threw it down and it richo-cheted.”
The evidence of the defendant’s intent was circumstantial. The evidence was insufficient to sustain a conviction, because it was consistent with the reasonable hypothesis of innocence that the defendant threw the lighter at the floor and hit his teacher only because of a crazy bounce. See State v. Law, 559 So.2d 187, 188 (Fla.1989) (stating that “[wjhere the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.”).
This was not a case of transferred intent, where the defendant aimed the lighter at A but missed,. hitting B. In such a situation, the law considers the defendant just as guilty of battery as if he had actually harmed the intended victim. See La-Fave & Scott, CRiminal Law § 35. Here, there was no intended victim, only the floor.
REVERSED AND REMANDED.
WARNER, J., concurs.
FARMER, J., dissents with opinion.