824 So.2d 1053 (2002)
Shayne MOHANSINGH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1776.
District Court of Appeal of Florida, Fifth District.
September 6, 2002.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Shayne Mohansingh appeals his conviction and sentence for battery.[1] Mohansingh was convicted by a jury of spitting on a police officer. The trial court withheld adjudication and sentenced Mohansingh to one year's supervised probation.
On appeal, Mohansingh raises two issues. First, he contends that the trial court erred when it denied his motion for judgment of acquittal because the state did not prove that he intentionally spat upon the officer. Second, he argues that the trial court erred when it sentenced him to one year of probation. He contends, and the state concedes, that the maximum penalty for battery is one year and that the sentence of one year's probation without *1054 credit for 80 days time served exceeds the maximum penalty. We affirm the conviction, but we modify the sentence.
Mohansingh was in a night club when he was assaulted by a fellow patron. He found two Orlando police officers who were working off-duty as bouncers. The officers wore blue police shirts, badges, and belts with police equipment. The officers testified that as soon as they heard about the alleged assault on Mohansingh, they were officially "on duty" and began to take a statement. Mohansingh told them he had been struck and stated that he wanted to reenter the club to identify his assailant and to press charges against him. The officers explained that their procedure was to wait by the exits as the patrons left the building and to have the victim identify the person who struck him. Mohansingh argued that there were six exits from the building, and that the police should go inside to search for the perpetrator. According to the officers, Mohansingh became increasingly agitated, angry, and loud because he could not go back inside to search for the person who struck him. As Mohansingh became more agitated, he spat on one of the officers and was immediately arrested. The officer testified that Mohansingh spat upon him after the officer told Mohansingh that he appeared to be intoxicated.
Mohansingh does not dispute that he spat upon the officer or that spitting on the officer was a battery. Candidly, he cites cases which support his concession that spitting on an officer is a battery. See Spivey v. State, 789 So.2d 1087 (Fla. 2d DCA 2001)(noting that a defendant could be sentenced to a concurrent term for battery because he spat upon an officer); see also Signorelli v. State, 491 So.2d 349 (Fla. 4th DCA 1986)(spitting directly into the face of the assistant director of the defendant's community control program was a battery). Mohansingh argues that since there was no testimony that he put his hands on anyone, or testimony that the spitting was intentional, he cannot be convicted of the crime. Mohansingh states although spitting can be a battery, his isolated act did not amount to an intentional touching. We disagree.
Pagan v. State, 27 Fla. L. Weekly S299 (Fla. April 4, 2002), sets forth the standard of review of an order denying a motion for judgment of acquittal:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. See Tibbs v. State, 397 So.2d 1120 (Fla.1981). Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. See Donaldson v. State, 722 So.2d 177 (Fla.1998); Terry v. State, 668 So.2d 954, 964 (Fla.1996). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. See Banks v. State, 732 So.2d 1065 (Fla.1999).
In the instant case, the victim testified that he knew Mohansingh's actions had been intentional because Mohansingh was angry and was screaming. There was additional evidence to prove that Mohansingh intended to spit upon the officer; he admitted that he gave the officer a "raspberry," and there was spittle on the officer's uniform. After a thorough review of the evidence, we cannot say the trial court erred in denying the motion for judgment of acquittal.
The state concedes that the trial court erred when it sentenced Mohansingh to a year of probation in addition to the 80 days he served in jail. To save judicial time and effort we correct the sentence and reduce Mohansingh's term of probation to *1055 285 days. Baker v. State, 760 So.2d 1085, 1091 (Fla. 5th DCA 2000).
Conviction AFFIRMED; sentence CORRECTED.
GRIFFIN and SAWAYA, JJ. concur.
NOTES
[1] §§ 784.03(1)(b), 775.082(4)(a), Fla. Stat. (2000).