882 So.2d 447 (2004)
S.D., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3021.
District Court of Appeal of Florida, Fourth District.
September 1, 2004.
*448 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm appellant's conviction for domestic battery in violation of section 741.28(2), Florida Statutes (2002).
We reject appellant's contention that the trial judge should have granted her motion for judgment of acquittal because the state failed to prove that she intended to commit domestic battery.
In Pagan v. State, 830 So.2d 792 (Fla.2002), the Florida Supreme Court summarized the standard of review of a denial of a motion for judgment of acquittal:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Id. at 803 (citations omitted).
The elements of battery are met when a person: "1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat. (2002). Intent to commit a battery must be determined by the circumstances surrounding the touching or striking of the victim. See Mohansingh v. State, 824 So.2d 1053, 1054 (Fla. 5th DCA 2002) (holding that there was competent substantial evidence to support a conviction of battery for spitting on an officer when testimony indicated that the defendant was angry and screaming, he admitted to giving the officer a "raspberry," and spittle was found on the officer's uniform); C.C. v. State, 576 So.2d 951 (Fla. 3d DCA 1991) (finding that defendant's actions of cursing and threatening the victim before the battery occurred and the amount of force used was sufficient for the trier of fact to conclude that he possessed the requisite intent for the crime).
*449 In this case, in the light most favorable to the state, the evidence was that appellant was angry and flailing her arms about. She had just finished fighting with her brother and had slapped her sister before she hit her mother in the mouth. The mother testified that appellant saw her coming near and continued swinging her arms. From the description of the manner in which appellant was swinging her arms, a substantial certainty existed that the mother would be hit as a result of appellant's actions.
It is this substantial certainty of a touching or striking that satisfies the intent element of battery and distinguishes this case from C.B. v. State, 810 So.2d 1072 (Fla. 4th DCA 2002). In that case there was not a substantial certainty that a lighter, which the defendant threw to the floor, would bounce and hit a teacher.
AFFIRMED.
FARMER, C.J., and MAY, J., concur.