McDonald, justice.
We review G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), based on express and direct conflict with D.N. v. State, 529 So.2d 1217 (Fla. 1st DCA), review dismissed, 537 So.2d 568 (Fla.1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve G.C.
G.C., a fourteen-year-old juvenile, accepted a ride from a friend driving a stolen car. Shortly thereafter, the police arrested both G.C. and the driver. In a post-arrest statement G.C. indicated that, upon entering the car, he suspected that it had been stolen *1381 because of the broken steering column. The record reveals that the driver stole the car and retained absolute control over it until the arrest. The trial court adjudicated G.C. delinquent for theft.[1] The district court reversed, holding that mere presence as an after-acquired passenger in a stolen car, even with knowledge that it was stolen, is insufficient to support a theft conviction. The district court, however, acknowledged that its decision conflicted with D.N.
Section 812.014, Florida Statutes (1987), commonly referred to as the omnibus theft statute, defines theft as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
Subsection 812.012(2), Florida Statutes (1987), defines the phrase “obtains or uses” as any manner of:
(a) Taking or exercising control over property.
(b) Making any unauthorized use, disposition, or transfer of property.
(c) Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
(d)l. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception; or
2. Other conduct similar in nature.
The district court held that, as a passenger, G.C. undoubtedly “used” the car within the context of section 812.014. The district court reasoned, however, that “use” alone is insufficient to sustain a conviction for theft. The statute requires an additional element, i.e., an intent to, either temporarily or permanently, work a deprivation or appropriation of the owner’s property. Because G.C. did not exercise such dominion and control over the vehicle so as to evidence some active step toward depriving or appropriating it from the owner, the district court held that the intent element of section 812.014 had not been satisfied. Thus, G.C. could not be adjudicated delinquent for theft.[2] We agree.
The court in D.N., on the other hand, reached the opposite conclusion. There, as in G.C., the court noted that the state did not offer any evidence that D.N. exercised possession, dominion, or control over the stolen vehicle. The driver was in possession and control of the vehicle at all times. Based on a broad construction of section 812.014, the court reasoned that, “[p]re-sumably, the lack of possession or control is made up by a finding of the requisite specific criminal intent to use the property without the owner’s permission.” D.N., 529 So.2d at 1221. Thus, D.N. held that proof of unauthorized use or enjoyment of another’s property, with knowledge that it is stolen, is sufficient to constitute theft under section 812.014. We disagree with D.N.
Although this Court has characterized the language of the omnibus theft statute *1382 as broad,[3] the statute cannot be construed so broadly as to remove the specific-intent element of the crime. Section 812.014 requires a finding of specific criminal intent to either (a) “deprive” the other person of a right to the property or a benefit therefrom or (b) “appropriate” the property to his own use or to the use of any person not entitled thereto. See State v. Allen, 362 So.2d 10 (Fla.1978). The terms “deprive” and “appropriate” both connote a taking of another’s property without authorization.[4] Therefore, a mere passenger in a vehicle— who has not exercised such possession, dominion, or control over the vehicle as to indicate an intent to participate in the “taking” of that vehicle — cannot be convicted of theft because there is insufficient proof of the specific criminal intent required by statute. See Allen, 362 So.2d at 12 (section 812.014 requires an “overt act manifesting criminal intent, rather than merely the formulation of a mental intent”); see also E.L.S. v. State, 547 So.2d 298 (Fla. 3d DCA 1989) (without evidence of separate criminal conduct, such as aiding and abetting the theft itself or being an' accessory after the fact of the crime, a passenger may not be found guilty of an offense related to the vehicle, even if he is aware that it has been stolen) (Schwartz, C.J., specially concurring). Such a construction of the statute could lead to, as even the D.N. court observed, “bizarre, if not absurd, results.” 529 So.2d at 1221.[5]
We therefore hold that mere presence as an after-acquired passenger in a vehicle, with knowledge that it has been stolen, is insufficient to convict a person of theft under section 812.014. We agree, however, with the district court that G.C. can be adjudicated delinquent for the lesser offense of trespass to a conveyance. See § 810.08(1), Fla.Stat. (1987). Thus, we approve G.C. and disapprove D.N.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.

. The trial court also adjudicated G.C. delinquent for burglary of an automobile, as proscribed by § 810.02, Fla.Stat. (1987), and ordered him to pay restitution for damage to the vehicle. This adjudication was also quashed.

. Although the district court held that G.C. could not be adjudicated delinquent for theft under § 812.014, Fla.Stat. (1987), it held that the adjudication of delinquency could properly be founded on the Iesser-included offense of trespass to a conveyance. See § 810.08, Fla.Stat. (1987). That statute imposes a misdemeanor penalty on an individual who "without being authorized, licensed, or invited, wilfully enters or remains in any structure or conveyance....”

. See State v. Dunmann, 427 So.2d 166 (Fla.1983); State v. Allen, 362 So.2d 10 (Fla.1978).

. The legislature has not statutorily defined either appropriate or deprive. Webster's Third New Int'l Dictionary 106 (1986) defines appropriate as "to take without permission.... It has the common meaning of to set aside for a special purpose but it signifies, more generally, to take over or acquire without authority or with questionable authority, usually also implying a conversion to one's own use of the thing .taken over.” Deprive is defined as "to take away;" "to take something away;" "to keep from the possession, enjoyment, or use of something.” Id. at 606-607.

. D.N. v. State, 529 So.2d 1217, 1221 (Fla. 1st DCA), review dismissed, 537 So.2d 568 (Fla.1988), pointed out several hypothetical situations where a theft conviction “seems rather farfetched.” For example, consider the situation where a hitchhiker accepts a ride in an automobile he later discovers to be stolen and continues to ride in the automobile instead of asking the driver to stop and let him out. Or consider the situation where a person continues to watch a television set after the thief has informed him that it is stolen. At oral argument, the following hypothetical was presented: whether a person who eats a meal at a restaurant, after discovering that the individual buying his meal plans to pay for it with stolen money, is guilty of theft. Without proof of these individuals’ intent to deprive or appropriate the property from the rightful owner, we do not believe the legislature intended for them to be as. equally culpable for theft as their host.