SCHEB, Acting Chief Judge.
M.E.F. challenges his adjudication of delinquency based on a finding that he com *867 mitted grand theft. He argues that he was improperly found guilty of grand theft, section 812.014(1), Florida Statutes (1987 and Supp.1988), since the evidence merely indicated he rode in a golf cart he knew to be stolen. We agree.
At the time M.E.F. was found guilty of grand theft, there existed a conflict in the districts as to whether one could be convicted of grand theft for merely riding in a vehicle known to be stolen. The supreme court subsequently resolved this issue, answering in the negative, in G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA), approved, 572 So.2d 1380 (Fla.1991).
In G.C., the court approved the third district’s decision, which held that a defendant who accepted a ride in a vehicle he knew was stolen could not be convicted of grand theft under section 812.014(1), the omnibus theft statute. The court reasoned that since G.C. did not exercise possession, dominion and control over the vehicle so as to evidence some active step toward depriving or appropriating it from the owner, the intent element of section 812.014 had not been satisfied. See § 812.014.[1] The court specifically disapproved the contrary view expressed in D.N. v. State, 529 So.2d 1217 (Fla. 1st DCA), review dismissed, 537 So.2d 568 (Fla.1988). We think G.C. is controlling in this case and find no alternative ground to affirm M.E.F.’s adjudication of delinquency.
Accordingly, we vacate the adjudication and direct M.E.F. be discharged.
LEHAN and HALL, JJ., concur.

. Section 812.014, Florida Statutes (1987), defines theft as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto and sentenced him to community control.