SCHEB, Acting Chief Judge.
R.L.I. challenges his adjudication of delinquency based on a finding that he committed grand theft. He argues that he was improperly found guilty of grand theft, section 812.014(1), Florida Statutes (1989), since the state’s evidence merely indicated he rode in a vehicle he knew to be stolen. We agree.
At the time R.L.I. was found guilty of grand theft, the districts conflicted as to whether one could be convicted of grand theft for merely riding in a vehicle known to be stolen.[1] The Supreme Court resolved this issue, answering in the negative, in G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA), approved, 572 So.2d 1380 (Fla.1991). See M.E.F. v. State, 579 So.2d 866 (Fla. 2d DCA 1991).
We find no alternative ground to affirm R.L.I.’s adjudication of delinquency. In light of our resolution of R.L.I.’s first issue, we need not reach R.L.I.’s second and third issues on appeal.
We vacate the adjudication and direct that R.L.I. be discharged.
LEHAN and HALL, JJ., concur.

. Section 812.014, Florida Statutes (1989), defines theft as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto and sentenced him to community control.