WARNER, Judge.
Appellant appeals his conviction and sentence for grand theft of an automobile on the ground that the trial court erred in denying appellant’s sworn motion to dismiss. We affirm.
The sworn motion to dismiss stated that the automobile was stolen on June 1, 1990. One “Dee Dee” gave the car to John Scott. Appellant got in the car as a passenger, and Scott and appellant drove the car to a McDonalds. Because the steering column was broken, appellant had an idea the car was stolen. The state traversed the motion by offering defendant’s statement which included the following with regard to how possession of the car was obtained. “That the Defendant either solely or together with another did take the vehicle for his own purpose (“We say, how you crank this car up and he showed us how to crank it up, so when we crunk it up, we went to McDonalds).”
Appellant claims that State v. G.C., 572 So.2d 1380 (Fla.1991) is dispositive. In G.C. a juvenile accepted a ride from a friend driving a stolen car. The Supreme Court held that “mere presence as an after-acquired passenger in a vehicle, with knowledge that it has been stolen, is insufficient to convict a person of theft under section 812.014.” G.C. at 1382 (emphasis supplied).
We find G.C. distinguishable. First, a question of fact arises as to how possession of the car was obtained. Appellant’s affidavit states that the stolen car was given by “Dee Dee” to “Scott”. However, the state’s traverse indicates that both Scott and appellant were instructed by Dee Dee as to how to start the car. Secondly, Appellant was not an after acquired passenger but according to his statement was involved in what appears to be a joint enterprise with Scott, i.e., to take the car and go to McDonalds. Thus, appellant and Scott were jointly participating in a “taking” of the stolen vehicle sufficient to support a conviction for theft, and defendant’s statement provided sufficient indication of a specific intent to participate in the taking to withstand the appellant’s motion to dismiss. See G.C. at 1382.
Affirmed.
GLICKSTEIN, C.J., and HERSEY, J., concur.