617 So.2d 863 (1993)
C.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4179.
District Court of Appeal of Florida, First District.
May 7, 1993.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., for appellee.
KAHN, Judge.
The juvenile appellant, C.S., seeks review of an adverse disposition in a delinquency case. The trial court found C.S. guilty of grand theft and in violation of community control, committed him to the Department of Health and Rehabilitative Services, and assessed restitution against him. We affirm the adjudication of delinquency, but reverse the restitution order as having been entered in the absence of any competent evidence of amount.
Vera Mitchell testified that she was seated on the front porch of her house when she saw three youths, including C.S., arrive in a blue Buick. According to Ms. Mitchell, C.S. was in the back seat. Ms. Mitchell was unable to identify the driver, and stated that a young girl seated in the front passenger seat left the car and engaged in an argument with her mother. The girl subsequently called the police.
Officer Timothy Dennis arrived in response to the call. Officer Dennis stated that upon arrival he saw the blue Buick and noticed that material covered the steering column. Officer Dennis then determined that the car had been reported stolen and upon closer observation saw that the steering column was damaged. He arrested C.S. and read C.S. his constitutional rights. The child then stated that he had a key that would fit the ignition but would not start the car. He also said that a pair *864 of sunglasses found on the dashboard were his.
Investigators lifted five fingerprints from the Buick, four of which matched the fingerprints of C.S. These fingerprints were taken from the inside rearview mirror, the top of the driver's door, and the driver's door.
C.S. argues that reversal is compelled by State v. G.C., 572 So.2d 1380 (Fla. 1991). In G.C., the supreme court reversed a conviction for auto theft. On the facts of that case, the court held that "mere presence as an after-acquired passenger in a vehicle, with knowledge that it has been stolen, is insufficient to convict a person of theft... ." 572 So.2d at 1382. Without question this is a correct statement of the law; however, it does not apply to the facts of the present case.
The undisputed facts in G.C. reveal that the driver (not G.C.) stole the car in question and retained absolute control over the car until he was arrested. G.C. accepted a ride from the driver and admitted, after his arrest, that he suspected the car had been stolen because of the broken steering column. Critical to the supreme court's conclusion in G.C. was its finding that the prosecution failed to present evidence to demonstrate that G.C. had exercised possession, dominion, or control over the car so as to indicate an intent to participate in the taking. 572 So.2d at 1382. Accordingly, the record in that case contained insufficient proof of the specific criminal intent required by law.
In the present case, the hypothesis of innocence advanced by C.S. is based upon testimony of Vera Mitchell, which places C.S. in the back seat. Were this the entire evidence in the case, G.C. would compel reversal. In the present case, however, authorities discovered fingerprints on the inside mirror, as well as at two locations on the driver's door. Thus circumstantial evidence indicates that C.S. was in the vicinity of both the mirror and the door. Neither location is consistent with being a rear seat passenger. These locations are, however, consistent with exercising control over a vehicle from the driver's seat. Also, in the present case, unlike in G.C., the evidence presented, even taking into account Ms. Mitchell's testimony, did not unequivocally identify another person as the driver or the actual thief. We are therefore unable to say that the present record is completely devoid of evidence that C.S. exercised sufficient dominion and control over the Buick so as to satisfy the intent element of theft.
At the restitution hearing, the Assistant State Attorney stated that the owner of the Buick, a resident of Lake City, would be unable to return to Jacksonville in order to testify. He further stated that the owner had provided certain documents. These documents were estimates for towing, repair, and replacement of two tires. The defense objected.
The state has the burden of proving the amount of restitution. See L.S. v. State, 593 So.2d 296 (Fla. 5th DCA 1992). In this case, the state could have carried its burden by presenting testimony of a witness with knowledge of the amount of damage and repairs, or by presenting uncontested documentary evidence. The state chose neither route. We do not view the mere assertion of a state attorney as to an amount, in the face of a defense objection, as being sufficient.
The adjudication is AFFIRMED. The restitution order is VACATED, and the matter remanded for a new restitution hearing.
MINER and MICKLE, JJ., concur.