SILBERMAN, Judge.
David Canady appeals his judgment and sentence for armed robbery with a firearm, grand theft of a motor vehicle, and giving a false name to a law enforcement officer. Because the State failed to prove the necessary elements to support a conviction for grand theft of a motor vehicle, we vacate the judgment and sentence for that offense.
The evidence presented at trial reflects that Canady was a passenger in a car that had been stolen. The evidence was insufficient to prove his criminal intent to deprive another person of property, or to appropriate the property, as required under section 812.014, Florida Statutes (1999). See A.J.R. v. State, 726 So.2d 326, 327 (Fla. 2d DCA 1999). An individual who is a passenger in a vehicle after the vehicle has been stolen, even with knowledge that it has been stolen, cannot be convicted of grand theft. Schlangen v. State, 735 So.2d 581, 581 (Fla. 2d DCA 1999).
We also agree with Canady’s argument that his conviction for grand theft cannot be reduced to a conviction for tres *162 pass of a conveyance because the charging document did not allege the necessary elements. The information that was filed alleged grand theft under section 812.014, and did not allege trespass under section 810.08, Florida Statutes (1999). See I.T. v. State, 694 So.2d 720, 724 (Fla.1997).
Accordingly, we vacate Canady’s judgment and sentence for grand theft of a motor vehicle and remand with directions that he be discharged as to that offense. We affirm Canady’s judgment and sentence in all other respects.
Affirmed in part, reversed in part, and remanded with directions.
FULMER and NORTHCUTT, JJ., Concur.