KLEIN, J.
Appellant was convicted of grand theft of an automobile, burglary of a conveyance, and petit theft. The trial court should have acquitted him of grand theft because there was no evidence that he took the automobile.
Appellant was found by an officer — who had been informed that there was a car stripping in progress — attempting to remove a muffler from the car. In response to the officer’s questions, appellant advised that he did not own the vehicle and that he was removing the muffler for a friend. After being read his Miranda rights appellant, according to the officer, stated that he knew the vehicle had been stolen by another person.
Appellant argues he could not be convicted of grand theft of the auto under State v. G.C., 572 So.2d 1380 (Fla.1991). In G.C. the juvenile accepted a ride from a friend in a vehicle which he assumed was stolen because it had a broken steering column. Our supreme court held that the mere fact that he became a passenger after the vehicle was stolen, even if he knew it was stolen, would not support a conviction for theft. The element of depriving or appropriating the vehicle from the owner, section 812.014, Florida Statutes (2003), was not satisfied.
In this case, as in G.C., there was no evidence that appellant committed any theft except for the muffler, which appellant admitted he was removing. We accordingly reverse the conviction for grand theft of an auto, making it unnecessary for us to reach his argument that his convictions for petit theft and grand theft amounted to double jeopardy. Reversed.
GUNTHER and MAY, JJ„ concur.