POLEN, J.
Appellant Eric Prince appeals the trial court’s denial of his motion for judgment of acquittal on the charge of grand theft auto and the trial court’s ruling on a discovery violation. We are unpersuaded by Prince’s argument regarding the discovery violation but find merit in the judgment of acquittal claim.
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction that is supported by competent, substantial evidence. If, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Reynolds v. State, 934 So.2d 1128, 1145 (Fla.2006) (internal citations omitted). “In moving for a judgment of acquittal, a defendant ‘admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.’ ” Id. (quoting Beasley v. State, 774 So.2d 649, 657 (Fla.2000)).
Prince was accused of stealing a car from Ariel Munoz. Munoz was unable to identify Prince at the time the theft was committed or at trial. A few days after the car was stolen, Prince was arrested in connection with another crime. At the time of his arrest, Prince was a passenger in Munoz’s stolen car. The State charged Prince with grand theft auto under the theory that he knew or should have known the car was stolen. At trial, Prince denied stealing the vehicle or knowing it was stolen and the State did not introduce testimony identifying Prince as the person who stole the car.
We find the trial court erred in denying Prince’s motion for judgment of acquittal as to the charge of grand theft auto as the State failed to prove Prince was anything other than a passenger in the car. “Mere presence in a vehicle as an after acquired passenger, with knowledge that it has been stolen, is insufficient to convict for the charge of Grand Theft.” See State v. G.C., 572 So.2d 1380 (Fla.1991) (receded from on other grounds, I.T. v. State, 694 So.2d 720 (Fla.1997)). “[A] mere passenger in a vehicle-who has not exercised such possession, dominion, or control over the vehicle as to indicate an intent to participate in the “taking” of that vehicle-cannot be convicted of theft because there is insufficient proof of the specific criminal intent required by statute.” G.C., 572 So.2d at 1382.
We reverse Prince’s conviction as to the charge of grand theft auto and affirm on all other counts.
GROSS and MAY, JJ., concur.