NORTHCUTT, Chief Judge.
The circuit court adjudicated M.D.S. delinquent for grand theft of a motor vehicle. § 812.014(2)(e)(6), Fla. Stat. (2004). Based on that adjudication, the court also revoked M.D.S.’s juvenile probation in several other cases. M.D.S. contends that the evidence was insufficient to prove the theft crime and that his adjudication and probation revocations based on this adjudication must be reversed. We agree.
At the adjudication hearing a Hillsbor-ough County Sheriffs deputy testified that she was on patrol in the mid-morning hours of June 17, 2006, when she noticed M.D.S. in the parking lot of an apartment complex. He was wiping the passenger door handle of a parked Acura automobile with a cloth. She stopped and asked M.D.S. what he was doing. According to the deputy, M.D.S. said he was waiting for his father, the owner of the Acura. But when she checked the car’s license tag, the deputy discovered that it had been reported stolen. At that point she searched M.D.S. and found the keys to the Acura in his pocket. The deputy noted that the hood of the car was hot, as if it had been driven and just parked.
The owners of the Acura testified that they were in California on June 17, 2006. When they returned to Florida on June 27, *1284 they found their house had been ransacked, a lock box that contained the car’s keys had been pried open, and both the Acura and its keys were gone. The victims did not say when they left for California, when they learned that their home had been burgled and that the Acura was missing, or when they reported the stolen car to the Sheriff. The State presented no evidence that even suggested M.D.S. was present at the victims’ house when the burglary and theft took place.
At the close of the State’s case, M.D.S. moved for a judgment of dismissal, see Fla. R. Juv. P. 8.110(f), arguing that there was no direct evidence linking him to the theft of the car and that the circumstantial evidence did not exclude every reasonable hypothesis of innocence. The court denied his motion. M.D.S. then testified and disputed parts of the deputy’s account of their meeting in the apartment complex parking lot. He denied wiping the handle of the Acura and telling the deputy the car belonged to his father. He also stated that he had been playing basketball the morning of his arrest and had been walking through the parking lot to buy a soda from a vending machine when he noticed car keys on the ground. He claimed he picked up the keys with the intention of taking them to the apartment complex management, but then the deputy arrived and began asking him questions. After the defense rested M.D.S. renewed his motion for judgment of dismissal, which the court again denied.
In order to establish the crime of theft, the State must prove that the accused “knowingly” obtained or used the property of another with the intent to deprive that person of the use of the property or to appropriate the property to the accused’s use. § 812.014(1). As noted, no evidence, direct or circumstantial, tied M.D.S. to the taking of the Acura from the owners’ residence. But the phrase “obtains or uses” encompasses more than just a taking. It can also mean “exercising control” over the property or making an “unauthorized use” of it. § 812.012(3)(a), (b) (defining the term “obtains and uses” for purposes of chapter 812). Thus, if a defendant possesses property that he knows is stolen, he can be convicted of theft. See Jackson v. State, 736 So.2d 77, 83 (Fla. 4th DCA 1999) (noting that the present section 812.014(1) encompasses acts formerly prosecuted as receiving stolen property).
In reviewing a motion for dismissal we apply a de novo standard and we view the evidence in a light most favorable to the State. See Swift v. State, 973 So.2d 1196, 1197 n. 1 (Fla. 2d DCA 2008) (citing Pagan v. State, 830 So.2d 792, 803 (Fla. 2002)). When the State relies on circumstantial evidence to prove a crime, as it did here, it must present sufficient evidence on each element of the crime and the evidence must exclude a defendant’s reasonable hypothesis of innocence beyond a reasonable doubt. See Pagan, 830 So.2d at 803; Dellechiaie v. State, 734 So.2d 423, 425 (Fla. 2d DCA 1998) (citing State v. Law, 559 So.2d 187,188-89 (Fla.1989)).
The State’s evidence on the “exercising control” or “possession” element established three facts: that the keys to the Acura were in M.D.S.’s pocket, that he was wiping the door handle with a cloth, and that the hood of the car was hot. Certainly the fact that M.D.S. was in possession of the keys could imply possession of the car itself. But M.D.S. testified that he found the keys on the ground. Nothing in the State’s presentation disputed M.D.S.’s hypothesis of innocence on this point. He was not, for example, discovered inside the car or seen using the keys to enter the car. While his possession of the keys is certainly suspicious, suspicion alone *1285 is not sufficient to meet the State’s burden of proof. See Bronson v. State, 926 So.2d 480, 483 (Fla. 2d DCA 2006); Jackson, 736 So.2d at 81. The other two facts that the State established are insufficient to prove that M.D.S. possessed the Acura. Mere proximity to stolen property does not prove the crime of theft. Bronson, 926 So.2d at 485.
Beyond that, the State did not present sufficient evidence on the required element that M.D.S. “knowingly” obtained or used the Acura — that he knew the car was stolen. While the deputy testified that M.D.S. claimed the car belonged to his father, he denied making the statement. But even examining the evidence in a light favorable to the State, M.D.S.’s false statement raises only a suspicion of guilty knowledge. That suspicion does not rise to the level of proof.
In determining that the knowledge element of theft had been proven, the court relied on section 814.022(2), which states that “proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.” The State’s evidentiary burden to establish this inference is twofold — it must show both that the property was “recently stolen” and that the accused had possession of the property. See Bronson, 926 So.2d at 483.
As we have held, the State did not present sufficient evidence to prove that M.D.S. possessed the Acura. Moreover, it presented no evidence that established when the car was taken. Accordingly, it also failed to prove the Acura was “recently stolen.” The inference in section 812.022(2) does not apply under these circumstances.
The evidence was insufficient to prove the crime. We reverse M.D.S.’s adjudication of delinquency based on grand theft. We also reverse the revocations of his probation because the court’s decision to revoke was based on the adjudication.
KELLY and VILLANTI, JJ., Concur.