NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


A.D.P.,                                                 )
                                                        )
                    Appellant,                          )
                                                        )
v.                                                      )          Case No. 2D15-5341
                                                        )
STATE OF FLORIDA,                                       )
                                                        )
                    Appellee.                           )
_____)

Opinion filed July 14, 2017.

Appeal from the Circuit Court for Pinellas
County; Patrice Moore, Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

A.D.P. appeals the disposition order that adjudicates him delinquent for

grand theft motor vehicle and places him on juvenile probation for one day. Because

the trial court should have granted his motion for judgment of dismissal, we reverse the

disposition order.

At the adjudicatory hearing, the victim testified that on March 8, 2015, she accidently left her keys in the door at her apartment complex. The next morning her 2006 Toyota Highlander was missing. There was a bead necklace hanging from her rearview mirror, and when the vehicle was returned to her the necklace was gone.

On March 11, 2015, an officer spotted the Highlander traveling quickly through a residential area. The officer could not see the driver, but the officer followed the vehicle. When the officer went around a corner he saw the vehicle parked in front of a building with four residential units. The keys were in the ignition, and a cell phone was found in the vehicle. Several individuals were standing on a nearby porch, and the officer tried to learn from them who had been driving the vehicle. The individuals were uncooperative and provided no information. A computer search of the location revealed that A.D.P. sometimes resided at the building where the vehicle was found parked. A.D.P.'s palm print was found on the rearview mirror of the vehicle, but ownership of the cell phone was not determined.

After the State rested its case, the defense moved for a judgment of dismissal and asserted that the State did not present evidence that A.D.P. intentionally or knowingly deprived the owner of her vehicle. The defense argued that no one put A.D.P. behind the wheel of the vehicle. The State argued that the car was found parked outside near where A.D.P. lived and that his print was found in the car. In making its argument, the State relied on the statutory inference from the proof of possession of recently stolen property. See § 812.022(2), Fla. Stat. (2014).

The trial court denied the motion, and the defense did not present any evidence. After closing arguments, the trial court found that A.D.P. committed grand theft motor vehicle. In making its ruling, the trial court stated as follows:

> Basically, you gave me a case with the fingerprint.
>
> Nobody's placed him behind the wheel; nobody's placed him in possession.
>
> The fingerprint is on the rear-view mirror. This side of the room would argue that the rear-view mirror is in the middle of the car; usually passengers are not playing with the rear-view mirror. Usually, the person that's playing with the rear-view mirror is the person that's driving the car.
>
> But when you add all of the little things together, when you add the hit that came off the computer that says that he sometimes lived there, that didn't—that—and that person was doing their search while the other person was doing their print search, when it all comes together, it does point to [A.D.P.].

Based on the above reasoning, the trial court found that A.D.P. committed grand theft motor vehicle.

We conduct a de novo review of the denial of A.D.P.'s motion for judgment of dismissal and view the evidence in the light most favorable to the State. See M.D.S. v. State, 982 So. 2d 1282, 1284 (Fla. 2d DCA 2008). In this circumstantial evidence case, the State must not only prove the elements of the crime, see id., but also must present evidence inconsistent with any reasonable hypothesis of innocence. See Knight v. State, 186 So. 3d 1005, 1009 (Fla. 2016). Here, the State had to prove that A.D.P. knowingly obtained or used the victim's vehicle with the intent to deprive her of the use of the property or to appropriate it to his own use. See § 812.014(1); M.D.S.,

- 3 -

982 So. 2d at 1284. If a person "possesses property that he knows is stolen, he can be convicted of theft." M.D.S., 982 So. 2d at 1284.

The statutory inference that the State relied upon provides that "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen." § 812.022(2). To be entitled to that inference, the State must prove that A.D.P. had possession of the property and that the property was "recently stolen." M.D.S., 982 So. 2d at 1285.

Evidence that a person was a passenger in a previously stolen vehicle is insufficient to prove the theft of the vehicle. Canady v. State, 813 So. 2d 161, 161 (Fla. 2d DCA 2002); A.J.R. v. State, 726 So. 2d 326, 327 (Fla. 2d DCA 1999); Prince v. State, 979 So. 2d 1212, 1213 (Fla. 4th DCA 2008). When the State fails to show that the accused exercised dominion and control over the vehicle, such as when a person is merely a passenger, a motor vehicle theft has not been established. See A.D. v. State, 106 So. 3d 67, 69-70 (Fla. 2d DCA 2013).

The trial court recognized that the State relied on the palm print on the rearview mirror and the fact that the vehicle was parked outside a building where A.D.P. was known to have lived. The trial court determined that this evidence "pointed to" A.D.P. and observed that usually the driver is the one "playing with" the rearview mirror. But "suspicion alone is not sufficient to meet the State's burden of proof." M.D.S., 982 So. 2d at 1284-85; see also Adams v. State, 693 So. 2d 1031, 1032 (Fla. 2d DCA 1997) (recognizing that even when circumstantial evidence "strongly suggests guilt" it is insufficient to prove grand theft when the State fails to present evidence inconsistent

- 4 -

with a reasonable hypothesis of innocence).  The State's evidence was not inconsistent with a reasonable hypothesis that A.D.P. touched the rearview mirror while a passenger and that he did not participate in the vehicle's theft some three days earlier.  Therefore, the trial court should have granted the motion for judgment of dismissal, and we reverse the juvenile disposition order that adjudicates A.D.P. delinquent for grand theft motor vehicle.

Reversed.

KELLY and CRENSHAW, JJ., Concur.