NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.A.H.,                                      )
                                             )
             Appellant,                      )
                                             )
v.                                           )          Case No. 2D17-4027
                                             )
STATE OF FLORIDA,                            )
                                             )
             Appellee.                       )
                                             )
_____)

Opinion filed June 26, 2019.

Appeal from the Circuit Court for Pinellas
County; Kathleen T. Hessinger, Acting
Circuit Judge.

Thomas Matthew McLaughlin, Clearwater,
for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and David Campbell, Assistant
Attorney General, Tampa, for Appellee.


BLACK, Judge.

          J.A.H. challenges the order withholding adjudication and placing him on

probation for one count of theft of a motor vehicle and three counts of burglary.  He

contends that the court erred in denying his motion for judgment of dismissal. We agree and reverse and remand for dismissal of the petition for delinquency.

J.A.H. was charged with one count of conspiracy to commit burglary of a conveyance, one count of theft of a motor vehicle, and five counts of burglary of a conveyance. J.A.H. and two codefendants proceeded to an adjudicatory hearing. The evidence at the hearing established that a vehicle was stolen on February 12, 2017, and was not seen again until four days later, February 16, 2017, around 2:00 a.m. Officers followed the vehicle, and when the vehicle stopped near an apartment complex, five individuals exited the vehicle and ran. All five individuals were quickly apprehended, one of whom was J.A.H. While in custody, J.A.H. admitted that he knew the vehicle was stolen. But J.A.H. did not provide information about the burglaries, vehicle theft, or where he had been seated in the vehicle.

In the stolen vehicle officers found a wallet, purse, watch, and sneakers, none of which belonged to the vehicle's owner. At the adjudicatory hearing, the owners of those items identified them and testified that the items had been in their respective vehicles on the night of February 15, 2017. The owner of the wallet testified that on the morning of February 16 she received a call from detectives advising that her wallet had been found. She and her boyfriend then confirmed that their vehicles had been burglarized.

Another burglary victim testified regarding security video of his residence. The video showed five individuals burglarizing the victim's girlfriend's vehicle and attempting to break into the victim's truck, both of which were parked outside of the victim's residence. The victim testified that he could not determine the ethnicity of the

individuals depicted in the video because he "did not have a clear video." He also testified that he did not know any of the defendants by name or face. When asked if he could identify the defendants using the video, the victim testified, "I believe from seeing them now I can almost tell you which ones are which." However, when asked if he would be able to identify the individuals in the video using a photo pack, the victim responded "no."

The individuals in the video were not identified by clothing or other description. The State presented no fingerprint or other evidence connecting J.A.H. to either the burglarized vehicles or the stolen items.

After the State rested, J.A.H. moved for judgment of dismissal of the charges. The court dismissed two of the burglary charges and the conspiracy charge. As to the charges at issue on appeal, J.A.H. argued that the State had failed to present sufficient evidence of the grand theft, based on Canady v. State, 813 So. 2d 161 (Fla. 2d DCA 2002), and had failed to present sufficient evidence of the burglaries where there was no evidence of J.A.H.'s control over recently stolen property, relying on Garcia v. State, 899 So. 2d 447 (Fla. 4th DCA 2005). The court denied the motion for judgment of dismissal, found that J.A.H. had committed the crimes, withheld adjudication, and placed J.A.H. on probation for an indefinite period not to exceed his nineteenth birthday.

We review the denial of a motion for judgment of dismissal de novo. M.D.S. v. State, 982 So. 2d 1282, 1284 (Fla. 2d DCA 2008). "In this circumstantial evidence case, the State must not only prove the elements of the crime but also must

- 3 -

present evidence inconsistent with any reasonable hypothesis of innocence." A.D.P. v. State, 223 So. 3d 428, 430 (Fla. 2d DCA 2017) (citation omitted).

As to the motor vehicle theft charge, there was no evidence connecting J.A.H. to the theft or establishing that J.A.H. had possession of the vehicle. See id. at 430-31. The law is clear that where the evidence established only that J.A.H. was a passenger in the vehicle and knew the vehicle was stolen, judgment of dismissal was required. See id. at 431 ("When the State fails to show that the accused exercised dominion and control over the vehicle, such as when a person is merely a passenger, a motor vehicle theft has not been established."); M.D.S., 982 So. 2d at 1284-85 (holding that the failure to establish that the defendant exercised control over the stolen vehicle required reversal); Canady, 813 So. 2d at 161 ("An individual who is a passenger in a vehicle after the vehicle has been stolen, even with knowledge that it has been stolen, cannot be convicted of grand theft." (citing Schlangen v. State, 735 So. 2d 581, 581 (Fla. 2d DCA 1999))); A.J.R. v. State, 726 So. 2d 326, 327 (Fla. 2d DCA 1999) ("Concerning the grand theft charge, . . . the evidence at best established that [A.J.R.] was a passenger in a previously-stolen vehicle. This fact was insufficient to prove a criminal intent to deprive or appropriate property, as required under the theft statute."); cf. Rivers v. State, 124 So. 3d 247, 254 (Fla. 2d DCA 2013) ("The trooper's identification of Rivers as the driver of the stolen [vehicle] established his possession of it [for purposes of the grand theft of the vehicle].").

As to the burglaries, no evidence placed J.A.H. at the scene of the burglaries or suggested that J.A.H. had possession of the stolen items; likewise, no evidence indicated where J.A.H. had been sitting in the stolen vehicle in reference to

those items.[1]  See Rivers, 124 So. 3d at 252 ("The State's evidence established that the purses were stolen about a half hour before the trooper began pursuing the [stolen vehicle] and that Rivers was in the driver's seat when the chase ended.  But no evidence placed the [stolen vehicle] in the vicinity of the school where the purses w[ere] stolen, and no evidence showed that Rivers even knew the purses were in the car, much less that he had dominion and control of them.").  Further, although the State repeatedly contended that the stolen vehicle was used in the burglaries of the other vehicles, the only evidence supporting that theory was the presence of some of the items in the stolen vehicle hours later.  The security video showed the individuals on foot, not in a vehicle.  The presence of the stolen items in the vehicle is insufficient evidence that J.A.H. burglarized the other vehicles.  See id.  The State is not entitled to the inference of guilt of theft and burglary based on the presence of the stolen property because J.A.H. was not the sole occupant of the vehicle and the State did not establish that J.A.H. exercised control over the property.  See M.D.S., 982 So. 2d at 1285 (reversing where "the State did not present sufficient evidence to prove that M.D.S. possessed the [stolen vehicle]"); Bronson v. State, 926 So. 2d 480, 484 (Fla. 2d DCA 2006) (discussing requirement that possession of the stolen property must be "conscious and substantial" and "both personal and exclusive").

---

[1]We note that even had the security video and testimony placed J.A.H. at the scene of the burglary, "[m]ere knowledge that an offense is being committed and mere presence at the scene of the crime are insufficient to establish participation in the offense."  See Garcia, 899 So. 2d at 450.

Accordingly, the trial court erred when it denied the motion for judgment of dismissal. We reverse the order withholding adjudication and placing J.A.H. on probation and remand with instructions to dismiss the delinquency petition.

Reversed and remanded.


SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.