NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.K.,                                    )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D17-4190
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
                                         )
_____)

Opinion filed December 4, 2019.

Appeal from the Circuit Court for Pinellas
County; Kathleen T. Hessinger, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub, Chief
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

            J.K. appeals an order withholding adjudication and placing him on

probation for one count of grand theft and three counts of burglary of a conveyance.

We agree with J.K. that the trial court erred in denying his motion for judgment of

dismissal of all four charges. J.K. and his codefendant, J.A.H., were originally accused

of conspiracy to commit burglary, grand theft, and five counts of burglary of a conveyance. J.K. and J.A.H. were tried together, both were found guilty of one count of grand theft and three counts of burglary, and both were placed on probation.[1] J.A.H. filed an appeal of the order withholding adjudication in his case and in J.A.H. v. State, 44 Fla. L. Weekly D1633 (Fla. 2d DCA June 26, 2019), this court held that the trial court erred in denying the motion for judgment of dismissal, and it reversed the order withholding adjudication and remanded the case with instructions to dismiss the delinquency petition. Because the evidence presented against the two juveniles was virtually the same, as this court did in J.A.H., we reverse the order withholding adjudication and placing J.K. on probation and remand with instructions to dismiss the delinquency petition.

The evidence at the bench trial established that a Nissan Altima was stolen from a woman's home on February 12, 2017, and when it was recovered on February 16, it had been damaged. The evidence also showed that four vehicles were burglarized sometime during the evening of February 15 or the early hours of February 16. One victim testified that on February 16, she received a call from a detective notifying her that her purse had been found in a stolen car. She then went outside and noticed that her truck had been broken into the previous night and several things had been taken. Her belongings were found inside the stolen Nissan Altima. The victim's boyfriend also testified that his car was broken into that night and items were stolen.

---

[1]The two juveniles were tried together, along with a third juvenile, S.S., who does not appear to have filed an appeal.

A third car was also burglarized on February 16, but the owner could not determine if anything was taken from her car. Her home has a security system that monitors the entire property and the street in front of the house. The victim's boyfriend testified that the burglary of the car and the attempted burglary of his truck were captured on video, and the video was played at trial. He testified that the video appeared to show five young men involved in the burglary, but the video was not clear enough to determine the ethnicity of the individuals.

At approximately 2:00 a.m. on February 16, a deputy patrolling in Belleair Beach saw the stolen Nissan Altima. He followed the vehicle with the assistance of a police helicopter, and when the vehicle stopped, five individuals exited the vehicle and ran. Five people were arrested in close proximity to the car, including J.K. and J.A.H. Deputies were not able to identify who was driving the vehicle or where the individuals were seated inside of the vehicle.

J.A.H. told a deputy that he knew the vehicle was stolen and "that they were just out joyriding, that they weren't doing anything else." J.A.H. stated that there were five individuals in the car, but he did not provide their names. Deputies did not have any information that involved J.K., only that he was caught in the area. The State presented no fingerprint or other evidence connecting J.K. to the burglarized vehicles or stolen items.

This court reviews the denial of a motion for judgment of dismissal de novo, and a trial court should grant a judgment of dismissal "if the State fails to present sufficient evidence to establish a prima facie case." T.A.K. v. State, 258 So. 3d 559, 561 (Fla. 2d DCA 2018). Here, as to the grand theft offense, we agree with the panel in

J.A.H., 44 Fla. L. Weekly at D1633-34, that there was no evidence connecting J.K. to the theft of the vehicle or establishing that J.K. had possession of the vehicle. See A.D.P. v. State, 223 So. 3d 428, 430 (Fla. 2d DCA 2017) ("Evidence that a person was a passenger in a previously stolen vehicle is insufficient to prove the theft of the vehicle."). As noted in J.A.H., because the evidence established, at most, that J.K. was a passenger in the vehicle, judgment of dismissal was required. See Canady v. State, 813 So. 2d 161, 161 (Fla. 2d DCA 2002) ("An individual who is a passenger in a vehicle after the vehicle has been stolen, even with knowledge that it has been stolen, cannot be convicted of grand theft."). We also note that J.A.H., unlike J.K., made statements to law enforcement that connected him to the car. J.A.H. stated that he knew the vehicle was stolen and "that they were just out joyriding, that they weren't doing anything else." There was no evidence that J.K. knew the car was stolen.

We also agree with the panel in J.A.H. as to the burglary offenses. There was no evidence that placed J.K. at the scene of the burglaries, there was no evidence that J.K. had possession of the stolen items, and there was no evidence suggesting where J.K. had been sitting in the stolen vehicle in reference to those items. See J.A.H., 44 Fla. L. Weekly at D1633-34. In Rivers v. State, 124 So. 3d 247, 252 (Fla. 2d DCA 2013), this court reversed the appellant's convictions for burglaries and grand thefts related to stolen purses where, although Rivers was driving a car in which the stolen purses were found, there were three passengers and two of the passengers were sitting in the back seat where the stolen purses were found. This court noted that Rivers was not in exclusive possession of the stolen purses, and there was no evidence that he was at the scene of the burglaries when the purses were stolen. Id. "The State

presented no other evidence to show that Rivers had 'conscious,' 'substantial,' 'personal and exclusive' possession of the purses." Id.  Here, the presence of the stolen items in the car was insufficient to establish that J.K. burglarized the other vehicles.  See J.A.H., 44 Fla. L. Weekly at D1633-34.

Accordingly, we reverse the order withholding adjudication and placing J.K. on probation and remand with instructions to dismiss the delinquency petition.

Reversed and remanded.

LUCAS and BADALAMENTI, JJ., Concur.